UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PABLO FIGUEROA
9208 Arrington Farm Court
Manassas, VA 20111

MICHAEL J. FARISH
1859 Cedar Cove Way #101
Woodbridge, VA 22191

BRIAN A. MURPHY
5909 Pumpkinseed Ct.
Waldorf, MD 20603

TYRONE DODSON
1213 Hamilton Street, N.E.
Washington D.C. 20011

LANCE D. HARRISON, SR.
3909 Windbrook Court
Clinton, MD 20735

Civil Action No. _____

DERYL M. JOHNSON
475 Toms Lane
Saint Leonard, MD 20685

CURTIS R. SLOAN
4790 Lancaster Circle
Waldorf, MD 20603

        Individual Plaintiffs,

   v.

DISTRICT OF COLUMBIA
METROPOLITAN POLICE
DEPARTMENT
300 Indiana Avenue, NW
Washington, DC 20001

        Defendant.

## COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Individual Plaintiffs Pablo Figueroa, Michael J. Farish, Brian A. Murphy, Tyrone Dodson, Lance D. Harrison, Sr., Deryl M. Johnson and Curtis R. Sloan ("Plaintiffs") by and through undersigned counsel, hereby bring this Complaint and Demand for Jury Trial to recover unpaid back wages, overtime pay, liquidated damages, reasonable attorney fees and costs based upon the knowing, willful and intentional decision by the District of Columbia Metropolitan Police Department ("DC MPD" or "Defendants") to not fully compensate Plaintiffs under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq.

### JURISDICTION

2. This Court has jurisdiction of this matter pursuant to 29 U.S.C. § 216(b), 28 U.S.C. § 1337 and 28 U.S.C. § 1331.

### VENUE

3. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in this District.

### PARTIES

4. Plaintiff Pablo Figueroa is a resident of Manassas, Virginia; Plaintiff Michael Farish is a resident of Woodbridge, Virginia; Plaintiff Brian A. Murphy is a resident of Waldorf, Maryland; Plaintiff Tyrone Dodson is a resident of Washington, D.C.; Plaintiff Lance D. Harrison, Sr. is a resident of Clinton, Maryland; Plaintiff Deryl

M. Johnson is a resident of Saint Leonard, Maryland; and Plaintiff Curtis R. Sloan is a resident of Waldorf, Maryland.

5. Each Plaintiff is or was employed by Defendant, at one period of time, as a "Detective Sergeant" within the meaning of D.C. Code § 5-543.02(c).

6. Each Plaintiff is an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

7. Defendant DC MPD is a police district created by D.C. Code § 5-101.01 and is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

## FACTUAL ALLEGATIONS

8. Plaintiffs are or have been employed by the DC MPD as "Detective Sergeants" pursuant to D.C. Code § 5-543.02(c).

9. While employed by Defendant DC MPD and while performing duties statutorily defined as Detective Sergeant duties, Plaintiffs were entitled to additional basic wages in the amount of $595 per annum pursuant to D.C. Code § 5-543.02(c).

10. However, Defendant DC MPD failed to make timely payment of the additional $595 per annum owed to each Plaintiff at the time each Plaintiff attained the status of Detective Sergeant.

11. Defendant DC MPD was on notice and acknowledged that it had failed to make timely payment of the additional basic wages of $595 per annum owed to each Plaintiff.

12. Subsequently, the Fraternal Order of Police/District of Columbia Metropolitan Police Department Labor Committee ("FOP"), the collective bargaining unit of law enforcement officers within DC MPD, took the issue to arbitration and

obtained an award which affirmed that Detective Sergeants, including the Plaintiffs, were entitled to an additional $595 per annum in basic pay as stated in D.C. Code § 5-543.02(c).

13. The DC MPD appealed the arbitration award to the District of Columbia Public Employee Relations Board ("DC PERB") and the DC PERB upheld the arbitrator's award mandating that the DC MPD compensate Detective Sergeants $595 per annum in additional basic pay. See In the Matter of District of Columbia Metropolitan Police Department and Fraternal Order of Police/Metropolitan Police Department Labor Committee, PERB Case No. 04-A-18 (Sept. 30, 2005) ("DC PERB Decision").

14. Defendant did not appeal the DC PERB Decision within the statutorily proscribed time and thereby became liable for any and all basic pay owed to Plaintiffs as a result of their status as Detective Sergeants. However, Defendant failed to timely pay Plaintiffs the statutorily mandated $595 per annum in the next pay period and continued to withhold this basic pay owed to the Plaintiffs.

15. Moreover, while Defendant has since partially compensated some of the Plaintiffs, albeit in an untimely fashion, Defendant has wholly failed to compensate many Plaintiffs the entire $595 per annum which has accrued over the years Plaintiffs have held the status of Detective Sergeant.

16. Based on Plaintiffs' statutory entitlement to an additional $595 per annum in basic pay, any and all overtime wages Defendant paid to Plaintiffs in their Detective Sergeant status were calculated incorrectly and therefore Plaintiffs have also been shorted their statutorily mandated overtime pay.

## COUNT 1

### FAILURE TO PAY MINIMUM WAGES DUE IN VIOLATION OF THE FLSA, 29 U.S.C. § 206(b)

17. Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 16 as though fully set forth herein.

18. Pursuant to 29 U.S.C. § 206(b), Defendant DC MPD is required to pay Plaintiffs all minimum wages due.

19. However, Defendant failed and refused to pay many of the Plaintiffs their statutorily mandated $595 per annum which has accrued over a number of years.

20. Defendant's failure and refusal to pay Plaintiffs their statutorily mandated basic pay is a violation of 29 U.S.C. § 206(b).

21. Additionally, Defendant's failure to pay minimum wages due to the Plaintiffs is willful and in bad faith because Defendant was on notice that the wages are due as evidenced by the DC PERB Decision.

22. Accordingly, Plaintiffs are entitled to all backpay, liquidated damages and reasonable attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### UNTIMELY PAYMENT IN VIOLATION OF THE FLSA, 29 U.S.C. § 206(b)

23. Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 22 as though fully set forth herein.

24. Pursuant to 29 U.S.C. § 206(b), Defendant is implicitly required to promptly pay all wages due to the Plaintiffs within the next pay period after it becomes due.

25. Plaintiffs' statutorily mandated $595 per annum became due in the pay period following the finalization of the DC PERB Decision. However, Defendant failed to timely pay Plaintiffs the statutorily mandated $595 per annum in the next pay period and continued to withhold this basic pay owed to the Plaintiffs.

26. Defendant's failure and refusal to timely pay Plaintiffs their statutorily mandated basic pay is a violation of 29 U.S.C. § 206(b).

27. Additionally, Defendant's failure to timely pay all wages due to the Plaintiffs is willful and in bad faith because the Defendant was on notice that the wages were due as evidenced by the DC PERB Decision.

28. Accordingly, Plaintiffs are entitled to full backpay, liquidated damages and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

## COUNT 3

### FAILURE TO PAY COMPLETE OVERTIME DUE IN VIOLATION OF THE FLSA, 29 U.S.C. § 207(a)

29. Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 28 as though fully set forth herein.

30. Pursuant to 29 U.S.C. § 207(a), Defendant is required to pay Plaintiffs time-and-one-half compensation for all overtime hours worked in excess of 40 hours per week.

31. Defendant failed to adjust Plaintiffs' overtime compensation to reflect their additional basic pay as Detective Sergeants.

32. Accordingly, Defendant DC MPD violated the FLSA because Defendant failed to pay Plaintiffs their complete time-and-one-half compensation as mandated by 29 U.S.C. § 207(a).

33. Defendant's failure to pay all overtime wages owed to Plaintiffs is willful and in bad faith because Defendant was on notice that these wages were due as evidenced by the DC PERB Decision.

34. Accordingly, Plaintiffs are entitled to all backpay, liquidated damages and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b).

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that this Court:

35. Enter judgment against Defendant DC MPD as a result of Defendant's failure to pay minimum wages due to the Plaintiffs in violation of 29 U.S.C. § 206(b);

36. Enter judgment against Defendant DC MPD as a result of Defendant's untimely delay in the payment of basic wages in violation of 29 U.S.C. § 206(b);

37. Enter judgment against Defendant DC MPD as a result of Defendant's failure to fully compensate Plaintiffs for all overtime worked in violation of 29 U.S.C. § 207(a);

38. Order a complete and accurate accounting of all compensation to which Plaintiffs are entitled;

39. Order Defendant to pay all unpaid basic wages and unpaid overtime wages due to Plaintiffs pursuant to 29 U.S.C. § 216(b);

40. Award liquidated damages to Plaintiffs as a result of the willful, knowing and intentional decision by Defendant DC MPD not to timely compensate Plaintiffs their full basic and overtime wages pursuant to 29 U.S.C. § 216(b);

41. Award Plaintiffs the costs of this action and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

42. Grant Plaintiffs such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

43. Plaintiffs demand a trial by jury on all issues triable by a jury.

_/s/ John V. Berry_
John V. Berry
D.C. Bar Number 460531
Attorney for the Plaintiffs
Law Firm of John Berry P.L.L.C.
1990 M Street NW Suite 610
Washington, D.C. 20036
Tel: (202) 955-1100
Fax: (202) 955-1101
email: jberry@worklaws.com

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

### I (a) PLAINTIFFS
Pablo Figueroa, Michael J. Farish, Brian A. Murphy, Tyrone Dodson, Lance D. Harrison, Sr., Deryl M. Johnson and Curtis R. Sloan

### DEFENDANTS
District of Columbia Metropolitan Police Department

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  88888
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  11001
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

John Berry, Esq.
The Law Firm of John Berry, PLLC
1990 M Street, NW, Suite 610
Washington, D.C. 20036
(202) 955-1100

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
● 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ○ E. General Civil (Other)   OR   ○ F. Pro Se General Civil

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br><br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ⊙ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☒ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

- ⊙ 1 Original Proceeding
- ○ 2 Removed from State Court
- ○ 3 Remanded from Appellate Court
- ○ 4 Reinstated or Reopened
- ○ 5 Transferred from another district (specify)
- ○ 6 Multi district Litigation
- ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

Defendant failed to timely pay Plaintiffs basic pay and overtime wages in violation of the FLSA, 29 U.S.C. sec. 201 et seq.

**VII. REQUESTED IN COMPLAINT**  CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐    DEMAND $ TBD at trial   Check YES only if demanded in complaint
JURY DEMAND:  YES ☒  NO ☐

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE  November 5, 2007    SIGNATURE OF ATTORNEY OF RECORD  /s/ Joe V. Berry

---

INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I. COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.