UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PABLO FIGUEROA
9208 Arrington Farm Court
Manassas, VA 20111

MICHAEL J. FARISH
1859 Cedar Cove Way #101
Woodbridge, VA 22191

BRIAN A. MURPHY
5909 Pumpkinseed Ct.
Waldorf, MD 20603

TYRONE DODSON
1213 Hamilton Street, N.E.
Washington, D.C. 20011

LANCE D. HARRISON, SR.
3909 Windbrook Court
Clinton, MD 20735

DERYL M. JOHNSON
475 Toms Lane
Saint Leonard, MD 20685

CURTIS R. SLOAN
4790 Lancaster Circle
Waldorf, MD 20603

        Individual Plaintiffs,

  v.

DISTRICT OF COLUMBIA, a
municipal corporation

Serve:  Mayor
         c/o D.C. Office of the Secretary
         1350 Pennsylvania Ave., Rm 419
         Washington, D.C. 20004

         D.C. Attorney General
         441 4th Street, N.W. 6th Floor
         Washington, D.C. 20001
                Defendant.

Civil Action No. 1:07-cv-01992 (HHK)

## FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

### INTRODUCTION

1. Individual Plaintiffs Pablo Figueroa, Michael J. Farish, Brian A. Murphy, Tyrone Dodson, Lance D. Harrison, Sr., Deryl M. Johnson and Curtis R. Sloan ("Plaintiffs") by and through undersigned counsel, hereby bring this First Amended Complaint and Demand for Jury Trial to recover unpaid back wages, overtime pay, lost benefits, liquidated damages, pre-judgment interest, reasonable attorney fees and costs based upon the knowing, willful and intentional decision by the District of Columbia ("Defendant") through the District of Columbia Metropolitan Police Department ("DC MPD") to not fully compensate these individual Plaintiffs under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 et seq. for wages owed.

### JURISDICTION

2. This Court has jurisdiction of this matter pursuant to 28 U.S.C. § 1337 and 28 U.S.C. § 1331 because this is a matter arising under the Constitution, laws or treaties of the United States, specifically 29 U.S.C. § 201 et seq. This Court has supplemental jurisdiction over Plaintiffs' other claim pursuant to 28 U.S.C. § 1367.

### VENUE

3. Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Columbia.

### PARTIES

4. Plaintiff Pablo Figueroa is a resident of Manassas, Virginia and an employee of the DC MPD, currently holding the rank of Sergeant.

5. Plaintiff Michael Farish is a resident of Woodbridge, Virginia and an employee of the DC MPD, currently holding the rank of Lieutenant.

6. Plaintiff Brian A. Murphy is a resident of Waldorf, Maryland and an employee of the DC MPD, currently holding the rank of Lieutenant.

7. Plaintiff Tyrone Dodson is a resident of Washington, D.C. and an employee of the DC MPD, currently holding the rank of Sergeant.

8. Plaintiff Lance D. Harrison, Sr. is a resident of Clinton, Maryland and an employee of the DC MPD, currently holding the rank of Sergeant.

9. Plaintiff Deryl M. Johnson is a resident of Saint Leonard, Maryland and an employee of the DC MPD, currently holding the rank of Sergeant.

10. Plaintiff Curtis R. Sloan is a resident of Waldorf, Maryland and an employee of the DC MPD, currently holding the rank of Sergeant.

11. Each individual Plaintiff is or was employed by Defendant's DC MPD and performed or continues to perform the duties of a "Detective Sergeant" within the meaning of D.C. Code § 5-543.02(c).

12. Each Plaintiff is an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1).

13. Defendant's police force, DC MPD, is a police district created by the District of Columbia pursuant to D.C. Code § 5-101.01.

14. DC MPD is a political subdivision of the District of Columbia and the Defendant controls and operates the DC MPD. Defendant is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), and was engaged in commerce within the meaning of 29 U.S.C. § 203(d) and (e)(2)(c).

15. The individual plaintiffs have unique circumstances and differing time periods in which they performed the duties of Detective Sergeant for which minimum basic pay was required and plaintiffs bring this matter in their individual capacities.

## FACTUAL ALLEGATIONS

16. Individual Plaintiffs are or have been employed by the DC MPD and have performed the duties of the statutorily defined position of "Detective Sergeant" as defined by D.C. Code § 5-543.02(c). While working in these positions, each of these individual plaintiffs have worked in excess of forty (40) hours per week and/or 8 hours per day.

17. While employed by DC MPD and performing duties statutorily defined as those of a Detective Sergeant, Plaintiffs were entitled to additional basic wages in the amount of $595 per annum pursuant to D.C. Code § 5-543.02(c).

18. Defendants failed to compensate the individual Plaintiffs, as well as others not a part of these individual claims, for the duties performed as Detective Sergeants over a period of years.

19. Accordingly, the Plaintiffs' union, the Fraternal Order of Police/District of Columbia Metropolitan Police Department Labor Committee ("FOP"), took the issue to arbitration and obtained an award affirming that Detective Sergeants, including the individual Plaintiffs, were entitled to an additional $595 per annum in basic pay as stated in D.C. Code § 5-543.02(c).

20. Specifically, the FOP asked Arbitrator Richard Trotter, in FMCS Case No. 040123-53013-A (June 11, 2004), to consider whether employees of the DC MPD, while performing work at the rank of Sergeant, were entitled to backpay compensation "retroactive to the date that each grievant was assigned to the position of Detective

4

Sergeant." Arbitrator Trotter found that the FOP demonstrated that Detective Sergeants were performing duties and supervisory work falling within the statutory definition of "Detective Sergeant" pursuant to D.C. Code § 5-543.02(c).

21. Subsequently, Defendant appealed the arbitration award to the District of Columbia Public Employee Relations Board ("DC PERB") and the DC PERB upheld the arbitrator's award mandating that Defendant compensate Detective Sergeants $595 per annum in additional basic pay. See In the Matter of District of Columbia Metropolitan Police Department and Fraternal Order of Police/Metropolitan Police Department Labor Committee, PERB Case No. 04-A-18 (Sept. 30, 2005) ("DC PERB Decision").

22. Defendant did not appeal the DC PERB Decision to the District of Columbia Superior Court within the statutorily proscribed time period pursuant to Agency Rule 1 of the Superior Court of District of Columbia Rules and thereby became liable for any and all basic pay owed to Plaintiffs as a result of their previous work as Detective Sergeants.

23. Despite the fact that Defendant was liable for such basic pay to the Plaintiffs, Defendant failed to timely pay Plaintiffs the statutorily mandated $595 per annum in the next pay period and continues to withhold such pay in subsequent pay periods.

24. While Defendant has since partially compensated some of the Plaintiffs, albeit in an untimely fashion, Defendant has wholly failed to compensate many Plaintiffs the entire $595 per annum which has accrued over the years Plaintiffs have held the status of Detective Sergeant.

25. Based on Plaintiffs' statutory entitlement to an additional $595 per annum in basic pay, any and all overtime wages Defendant paid to Plaintiffs in their Detective Sergeant status were calculated incorrectly and therefore Plaintiffs have also been shorted their statutorily mandated overtime pay.

26. Defendant was on notice and was made aware of its legal obligations as a result of Arbitrator Trotter's ruling and the DC PERB Decision; however, Defendant did not compensate the individual Plaintiffs for over 20 months with various individual amounts due between each Plaintiff.

## COUNT 1

## WILLFUL FAILURE TO PAY MINIMUM WAGES DUE IN VIOLATION OF THE FLSA, 29 U.S.C. § 206(b)

27. Individual Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 26 as though fully set forth herein.

28. Pursuant to 29 U.S.C. § 206(b), Defendant is required to pay individual Plaintiffs all minimum wages due.

29. However, Defendant failed and refused to pay many of the Plaintiffs their statutorily mandated $595 per annum portion of basic pay which has accrued over a number of years.

30. Defendant's failure and refusal to pay these individual Plaintiffs their statutorily mandated basic pay is a violation of 29 U.S.C. § 206(b).

31. Additionally, Defendant's failure to pay minimum wages due to the Plaintiffs is willful and in bad faith because Defendant was on notice that the wages are due as evidenced by the DC PERB Decision.

32. Accordingly, Plaintiffs are entitled to all backpay, liquidated damages and reasonable attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT 2

### UNTIMELY PAYMENT OF WAGES IN VIOLATION OF THE FLSA, 29 U.S.C. § 206(b)

33. Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 32, as though fully set forth herein.

34. Pursuant to 29 U.S.C. § 206(b), Defendant is implicitly required to promptly pay all wages due to the Plaintiffs within the next pay period after it becomes due.

35. Plaintiffs' statutorily mandated $595 per annum became due in the pay period following the finalization of the DC PERB Decision. However, Defendant failed to timely pay Plaintiffs the statutorily mandated $595 per annum in the next pay period and continued to withhold this basic pay owed to the individual Plaintiffs.

36. Defendant's failure and refusal to timely pay Plaintiffs their statutorily mandated basic pay is a violation of 29 U.S.C. § 206(b).

37. Additionally, Defendant's failure to timely pay all wages due to the Plaintiffs is willful and in bad faith because the Defendant was on notice that the wages were due as evidenced by the DC PERB Decision.

38. Accordingly, Plaintiffs are entitled to full backpay, liquidated damages and reasonable attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT 3

## WILLFUL FAILURE TO PAY OVERTIME DUE

## IN VIOLATION OF THE FLSA, 29 U.S.C. § 207(a)

39. Individual Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 38 as though fully set forth herein.

40. Pursuant to 29 U.S.C. § 207(a), Defendant is required to pay individual Plaintiffs time-and-one-half compensation for all overtime hours worked in excess of 40 hours per week depending on their individual periods of time worked as a Detective Sergeant.

41. Defendant has either recklessly or knowingly and intentionally failed to provide the full amount of compensation due.

42. Defendant knew, or should know, that their reckless or willful and intentional failure to pay the individual Plaintiffs compensation due violates their rights, immunities and privileges secured to them by federal law.

43. Defendant failed to adjust individual Plaintiffs' overtime compensation to reflect the additional basic pay that Plaintiffs earned as Detective Sergeants.

44. Accordingly, Defendant violated the FLSA because Defendant failed to pay the individual Plaintiffs their complete time-and-one-half compensation as mandated by 29 U.S.C. § 207(a).

45. Defendant's failure to pay all overtime wages owed to each individual Plaintiff is willful and in bad faith because Defendant was on notice that these wages were due as evidenced by their decision not to appeal the DC PERB Decision.

46. Although Defendant has been apprized of the law regarding the payment of hours covered by the FLSA, Defendant has failed to correct the situation and compensate the individual Plaintiffs.

47. Accordingly, as a direct and proximate result of Defendant's actions, the individual Plaintiffs are entitled to all backpay, liquidated damages and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) in an amount according to proof including, but not limited to, a sum equivalent to and in addition to their compensation which was not paid or paid late for the several years preceding this suit until the conclusion of the current action as required under the statute.

## COUNT 4

## VIOLATION OF DISTRICT OF COLUMBIA CODE § 5-5403.2 THROUGH NON-PAYMENT OF REQUIRED WAGES

48. Individual Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 47 as though fully set forth herein.

49. D.C. Code § 5-5403.2(c) states that "each officer . . . assigned as a detective sergeant . . . [shall receive] in addition to his scheduled rate of basic compensation, $595 per annum . . . so long as he remains in such assignment."

50. D.C. Code § 5-5403.2(d) states that "the additional compensation authorized by subsections (b) and (c) of this section shall be paid to an officer or member in the same manner as he is paid the basic compensation to which he is entitled."

51. The DC PERB Decision found that the individual Plaintiffs have held the status of Detective Sergeant at some time or another.

52. However, Defendant failed, and with respect to some of the individual Plaintiffs, continues to fail, to compensate the Plaintiffs the required $595 per annum in the manner in which basic compensation is paid pursuant to D.C. Code § 5-5403.2(c) and (d).

53. Accordingly, Plaintiffs are entitled to any and all payments which have accumulated as a result of the Defendant's failure to pay the statutorily mandated $595 per annum as required by D.C. Code § 5-5403.2.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court:

54. Enter judgment against Defendant as a result of DC MPD's failure to pay minimum wages due to the Plaintiffs in violation of 29 U.S.C. § 206(b);

55. Enter judgment against Defendant as a result of DC MPD's untimely delay in the payment of basic wages in violation of 29 U.S.C. § 206(b);

56. Enter judgment against Defendant as a result of DC MPD's failure to fully compensate Plaintiffs for all overtime worked in violation of 29 U.S.C. § 207(a);

57. Enter judgment against Defendant as a result of DC MPD's violation of D.C. Code § 5-5403.2.

58. Order a complete and accurate accounting of all compensation and benefits to which Plaintiffs are entitled;

59. Order Defendant to pay all unpaid basic wages and unpaid overtime wages due to Plaintiffs pursuant to 29 U.S.C. § 216(b);

60. Award liquidated damages to Plaintiffs as a result of the willful, knowing and intentional decision by Defendant not to timely compensate Plaintiffs their full basic and overtime wages pursuant to 29 U.S.C. § 216(b);

61. Award such pre-judgment interest as may be allowed by law;

62. Award Plaintiffs the costs of this action, any expert, investigative and accountant fees, in addition to reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

63. Grant Plaintiffs such other relief as the Court deems just and proper.

### DEMAND FOR JURY TRIAL

64. Plaintiffs demand a trial by jury on all issues triable by a jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Respectfully Submitted,

Dated: November 26, 2007

John V. Berry, Esq.
DC Bar No. 460531
LAW FIRM JOHN BERRY P.L.L.C.
Attorneys at Law
1990 M Street, N.W., Suite 610
Washington, D.C. 20036
Tel:  (202) 955-1100
Fax:  (202) 955-1101
Email: jberry@worklaws.com

Counsel for Individual Plaintiffs

11