UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| PABLO FIGUEROA, *et al.*, ) | | |
| Plaintiffs, ) | | |
| ) | | |
| v. ) | Civil No. 07-01992 (HHK) | |
| ) | | |
| DISTRICT OF COLUMBIA, ) | | |
| Defendant. ) | | |
| ) | | |

**ANSWER OF DEFENDANT TO THE COMPLAINT**

Defendant District of Columbia ("Defendant" or "District"), by and through undersigned counsel, responds as follows to the Complaint filed in the above-captioned matter by Plaintiffs Pablo Figueroa, et al., Capitol Paving of D.C., Inc. ("Plaintiffs" or "Capitol Paving").

**FIRST DEFENSE**

The complaint fails to state a cause of action upon which relief can be granted.

**SECOND DEFENSE**

Defendant responds as follows to the numbered paragraphs as follows:

Introduction

1. The statements in paragraph 1 are Plaintiffs' introductory statements regarding the nature of this appeal to which no response is required. To the extent such a response may be required, the allegations are denied.

Jurisdiction

2. The allegations of paragraph 2 are conclusions of law or of the pleader to which no response is required.

### Venue

3. The allegations of paragraph 3 are conclusions of law or of the pleader to which no response is required.

### Parties

4–10. Defendant admits the allegations of paragraphs 4 – 10 to the extent that each of the named Plaintiffs is an employee of the D.C. Metropolitan Police Department with the indicated rank. The remaining allegations involve confidential personnel information regarding each of the Plaintiffs to which no response is required.

11-14. The allegations of paragraphs 11 are conclusions of law or of the pleader to which no response is required.

15. The statements in paragraph 15 are Plaintiffs' introductory statements regarding the nature of this appeal to which no response is required. To the extent such a response may be required, the allegations are denied.

### Factual Allegations

16. The allegations of paragraph 16 are admitted to the extent that the individual plaintiffs are employed by the MPD and that, individually, they may have worked more than 40 hours per week and/or 8 hours per day. The remaining allegations are conclusions of law or of the pleader to which no response is required.

17. The allegations of paragraph 17 are conclusions of law or of the pleader to which no response is required.

18. The allegations of paragraph 18 are admitted to the limited extent that the individual plaintiffs had not received compensation under D.C. Official Code § 5-543.02(c) (2007) prior to the arbitration proceeding identified in paragraph 19 of the complaint.

19.     Defendant admits the allegations of paragraph 19 to the extent that there was an arbitration proceeding regarding "Detective Sergeants" and that the arbitrator issued an award. The remaining allegations in are Plaintiffs' characterization of the content of the award to which no response is required; to the degree that the characterizations are incorrect, partial, and/or out of context, they are denied. The document speaks for itself.

20.     The allegations of paragraph 20 are Plaintiffs' characterizations of the issues presented to the arbitrator and the content of the arbitral award to which no response is required; to the degree that the characterizations are incorrect, partial, and/or out of context, they are denied. The record of the arbitration, including the arbitral award, speaks for itself.

21.     The allegations of paragraph 21 are admitted to the extent that the arbitral award was appealed to the D.C. Public Employee Relations Board ("PERB"). The remaining allegations are Plaintiffs' characterizations of the content of the PERB decision to which no response is required; to the degree that Plaintiffs' characterizations are incorrect, partial, and/or out of context, they are denied. The document speaks for itself.

22-23.  The allegations of paragraphs 22-23 are conclusions of law or of the pleader to which no response is required.

24.     Because the term "many" in the context of the small number of Plaintiffs in this suit is ambiguous, Defendant is unable to respond to the allegations of paragraph 24 of the complaint.

25-26.  The allegations of paragraphs 25-26 are conclusions of law or of the pleader to which no response is required.

Count I

27.	Defendant adopts and incorporates herein its responses to the allegations of paragraphs 1 – 26 as its response to paragraph 27.

28-32.	The allegations of paragraph 28-32 are conclusions of law or of the pleader to which no response is required.

Count II

33.	Defendant adopts and incorporates herein its responses to the allegations of paragraphs 1 – 32 as its response to paragraph 33.

34-38.	The allegations of paragraph 34-38 are conclusions of law or of the pleader to which no response is required.

Count III

39.	Defendant adopts and incorporates herein its responses to the allegations of paragraphs 1 – 38 as its response to paragraph 39.

40-47.	The allegations of paragraph 40-47 are conclusions of law or of the pleader to which no response is required.

Count IV

48.	Defendant adopts and incorporates herein its responses to the allegations of paragraphs 1 – 47 as its response to paragraph 48.

49.	The statute quoted in paragraph 49 speaks for itself.

50	The statute quoted in paragraph 50 speaks for itself.

51.	The allegations of paragraph 51 are Plaintiffs' characterizations of the content of the PERB decision to which no response is required; to the degree that Plaintiffs'

characterizations are incorrect, partial, and/or out of context, they are denied. The document speaks for itself.

52-53. The allegations of paragraphs 52-53 are conclusions of law or of the pleader to which no response is required.

### Prayer for Relief

54-63. The statements in paragraphs 54-63 of the complaint are Plaintiffs' prayer for relief to which no response is required.

### Demand for Jury Trial

64. The statements in paragraph 64 of the complaint are Plaintiffs' demand for jury trial to which no response is required.

In further response to the allegations in the complaint, Defendant denies any and all allegations not otherwise specifically admitted or otherwise responded to.

### THIRD DEFENSE

Any acts or omissions taken toward Plaintiffs by Defendant, its employees and/or agents acting within the scope of their employment were only such actions as were reasonable, lawful, and/or necessary under the circumstances.

### FOURTH DEFENSE

Defendant, its agents, servants, and employees acting within the course and scope of their employment, has performed their obligations, if any, toward Plaintiffs in accordance with all applicable regulatory, statutory, constitutional, contractual, and common law requirements.

**FIFTH DEFENSE**

Defendant's interpretations of all applicable contractual, regulatory, statutory, constitutional and common law requirements are rational and reasonable, are not arbitrary and capricious, and are otherwise in accordance with law.

**SIXTH DEFENSE**

Pendent jurisdiction does not lie in the present matter.

**SEVENTH DEFENSE**

Defendant reserves the right to assert any and all defenses which are supported by facts learned through discovery or at trial herein.

**EIGHTH DEFENSE**

Plaintiffs may have failed to mitigate its damages.

**NINTH DEFENSE**

If Plaintiffs was injured and/or damaged as alleged in the complaint, such injuries and damages were the result of the acts or omissions, whether negligent or intentional or both, of a person or persons other than this Defendant, its agents, servants, and employees acting within the scope of their employment.

**TENTH DEFENSE**

If Plaintiffs was injured and/or damaged as alleged in the complaint, such injuries and damages were the result of Plaintiffs' own acts or omissions, whether negligent or intentional or both.

**ELEVENTH DEFENSE**

If Plaintiffs was injured and/or damaged as alleged in the complaint, such injuries and damages were the result of Plaintiffs' joint or concurring acts or omissions, whether negligent or

intentional or both, with a person or person other than this Defendant, its agent, employees, and/or servants acting within the scope of their employment.

**TWELFTH DEFENSE**

Some or all of Plaintiffs' claims may be barred by the applicable statute of limitations

**THIRTEENTH DEFENSE**

This Court lacks subject matter jurisdiction in that Plaintiffs' claims are in the nature of a suit to enforce an arbitral award.

**FOURTEENTH DEFENSE**

This Court lacks subject matter jurisdiction because Plaintiffs' claims are encompassed within a suit pending before the D.C. Superior Court to enforce an arbitral award. <u>Fraternal Order of Police v. Metropolitan Police Department</u>, Civil No. 06-3077.

**FIFTEENTH DEFENSE**

This Court lacks subject matter jurisdiction because the subject matter of this suit is an impermissible splitting of claims.

**SIXTEENTH DEFENSE**

This Court lacks subject matter jurisdiction in that Plaintiffs' have failed to exhaust their administrative remedies.

**SEVENTEENTH DEFENSE**

Plaintiffs may have failed to comply with the requirements of D.C. Official Code § 12-309 (2007).

**EIGHTEENTH DEFENSE**

Ancillary jurisdiction does not lie in these circumstances.

**NINETEENTH DEFENSE**

Some or all of Plaintiffs' claims may be barred by laches.

**SET OFF**

The District of Columbia asserts a set-off against any judgment rendered against Defendant and/or the District of Columbia for any and all payments or other benefits provided to or on behalf of Plaintiffs. Including, but not limited to, any overpayments and/or payments in error on the subject contract.

**JURY TRIAL**

Defendant demands a trial by jury on all issues so triable.


Dated: January 29, 2008            Respectfully submitted,

                                             PETER J. NICKLES
                                             Interim Attorney General for the District of Columbia

                                             GEORGE C. VALENTINE
                                             Deputy Attorney General
                                             Civil Litigation Division


                                             /s/   *Kimberly M. Johnson*
                                             KIMBERLY MATTHEWS JOHNSON
                                             Chief, Section 1
                                             DC Bar No. 435163


                                             /s/   *Jack M. Simmons, III*
                                             JACK M. SIMMONS, III
                                             Assistant Attorney General
                                             DC Bar No. 925420
                                             441 Fourth St., NW, Sixth Floor South
                                             Washington, DC  20001-2714
                                             (202) 724-6653
                                             (202) 727-0431   (fax)
                                             jack.simmons@dc.gov
                                             Attorney for Defendant