**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PABLO FIGUEROA, ET AL.,

    **Individual Plaintiffs,**

 v.

DISTRICT OF COLUMBIA,

    **Defendant.**

**Civil Action No. 1:07-cv-01992 (HHK)**

**Next Event: Mediation, September 9, 2008**

**PLAINTIFF'S MOTION FOR LEAVE**
**TO FILE SECOND AMENDED COMPLAINT**

 Individual Plaintiffs, by and through undersigned counsel, respectfully request leave to file their second amended complaint ("Second Amended Complaint") pursuant to Fed. R. Civ. P. 15(a)(2) and LCvR 7(i).

 The purpose of filing a Second Amended Complaint is to clarify the issues raised by the individual Plaintiffs with respect to their contentions that the failure to provide correct and timely technician's pay under D.C. Code § 5-543.02, as alleged by the individual Plaintiffs, had a cascade effect, to their detriment, as to several other areas of compensation, including overtime, longevity pay, other monetary losses and a shortage in their calculated benefits which are derived from an employee's basic compensation.

 Counsel believes that the additional factual information provided herein will assist the parties in either resolving this matter, or in the alternative, provide a basis for moving forward in the case. Many of the compensation issues present in the First Amended Complaint also now need some clarification, in light of developing facts, so both parties

may move ahead. The parties are also still in the midst of mediation and discovery is ongoing, so even more information is being developed at present.

For example, since the time of the filing of the First Amended Complaint and the Defendant's subsequent Answer of January 29, 2008, a significant issue that was raised in Defendant's Answer, which was the pending decision of D.C. Superior Court Judge Mary A.G. Terrell in <u>Fraternal Order of Police v. Metropolitan Police Department</u>, Civil No. 06-3077, involving a motion by the Fraternal Order of Police to Confirm the Arbitrator's Award, has since been decided. <u>See</u> Defendant's Answer to the Complaint, at 7.

Specifically, Judge Terrell, in her decision of February 27, 2008, ordered the District of Columbia Metropolitan Police Department ("DC MPD") to immediately begin making retroactive payments to a group that included the individual Plaintiffs, back "to the date said employees were assigned to that position." <u>Order</u>, at 1. Judge Terrell also awarded those affected, which include the individual Plaintiffs, the status of "Detective Sergeant," along with an award of interest. In other words, Counsel for the individual Plaintiffs believes that there have been a lot of events in the case that impact the pleadings significantly.

In the original and revised scheduling orders, the parties had originally anticipated amendments to the pleadings. In addition, both Fed. R. Civ. P. 15(a)(2) and LCvR 7(i) provide that leave to file an amended pleading should be freely given where justice requires. "[A] court should grant a party's motion for leave to file an amended complaint in the absence of undue delay, bad faith or dilatory tactics, or undue prejudice to the

2

opposing party." <u>Richardson v. United States,</u> 193 F.3d 545, 548-49 (D.D.C. 1999) (citing <u>Forman v. Davis,</u> 371 U.S. 178, 182 (1962)).

 The Second Amended Complaint will not cause undue delay or undue prejudice to the opposing party and is not the result of dilatory tactics or bad faith. Pursuant to LCvR 7(m), Plaintiff's counsel has conferred with Defendant's counsel regarding this Motion. Due to the time constraints in filing this motion, Defendant's counsel will need some time to adequately review the full Second Amended Complaint, prior to any decision on whether the Defendant can consent or will oppose the Motion.

 Following our discussions, however, Counsel for the Defendant has indicated that he will be reviewing the present Motion within the time in which he has to respond pursuant to the applicable rules, and will then be in a better position to determine whether or not he can consent or whether he will object to this Motion

 WHEREFORE, individual Plaintiffs hereby respectfully request that this Honorable Court, following consideration of any reply or other response to this Motion by Defendant, take the following actions:

1.  Enter an Order granting Plaintiffs leave to file their Second Amended Complaint;

2.  Accept the proposed Second Amended Complaint for filing;

3.  Grant any and all further relief that the nature of this cause may require.

Dated: August 13, 2008

3

Respectfully Submitted,


_____/s/_____
John V. Berry, Esq.
DC Bar No. 460531
BERRY & BERRY P.L.L.C.
Attorneys at Law
1990 M Street, N.W., Suite 610
Washington, D.C. 20036
Tel:    (202) 955-1100
Fax:    (202) 955-1101
Email: jberry@worklaws.com

Counsel for Individual Plaintiffs

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PABLO FIGUEROA, ET AL.,

        **Individual Plaintiffs,**

    v.

DISTRICT OF COLUMBIA,

        **Defendant.**

Civil Action No. 1:07-cv-01992 (HHK)

Next Event: Mediation, September 9, 2008

**O R D E R**

Upon consideration of the Plaintiff's Motion for Leave to File a Second Amended Complaint and the entire record herein, it is this _____ day of August, 2008, hereby

**ORDERED** that the Plaintiff's Motion to File a Second Amended Complaint is **GRANTED/DENIED**, and it is further

**ORDERED** that the Defendant shall have _____ days to answer the Second Amended Complaint.

_____
UNITED STATES DISTRICT COURT JUDGE

## CERTIFICATE OF SERVICE

I hereby certify that on August 13, 2008, a true and correct copy of the Plaintiff's

Motion for Leave to File Second Amended Complaint was filed with the District Court

electronically to, and an additional copy was provided to Defendant's counsel by

electronic mail, to:

> Jacques Lerner, Esq.
> District of Columbia
> Office of Attorney General
> 441 4th Street, N.W.
> Sixth Floor
> Washington, D.C. 20001
>
> Counsel for the District Defendant
> By Email Only: jacques.lerner@dc.gov
>
> _____/s/_____
>  John V. Berry

Figueroa Et Al v. District of Columbia
Civil Action No. 1:07-cv-01992 (HHK)
Exhibit A to Motion for Leave to File
Second Amended Complaint

.

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

PABLO FIGUEROA, ET AL.,

            **Individual Plaintiffs,**

    v.

DISTRICT OF COLUMBIA,

            **Defendant.**

**Civil Action No. 1:07-cv-01992 (HHK)**

**Next Event: Mediation, September 9, 2008**

### SECOND AMENDED COMPLAINT

Individual Plaintiffs Pablo Figueroa, Michael J. Farish, Brian A. Murphy, Tyrone

Dodson, Lance D. Harrison, Sr., Deryl M. Johnson and Curtis R. Sloan ("Plaintiffs")

allege as follows:

### SUMMARY OF ACTION

1.    Individual Plaintiffs, all sworn law enforcement officers of the District of

Columbia Metropolitan Police Department ("DC MPD") bring this Second Amended

Complaint and Demand for Jury Trial, against the District of Columbia ("Defendant") as

a result of not being compensated properly by DC MPD for work performed as a

Detective Sergeant, as required by D.C. Code § 5-543.02 (c) and (d).

2.    The result of the DC MPD's failure to provide timely and accurate

Basic Compensation to the individual Plaintiffs for their time worked as Detective

Sergeant, in light of the clear provisions within D.C. Code § 5-543.02 (c), in addition to

prior notice to the DC MPD by individual Plaintiffs to avoid litigation and have DC MPD

pay the debts owed to these individual Plaintiffs, they were unpaid for compensation due them by Defendant.

3.      The individual Plaintiffs are therefore entitled to payment for unpaid overtime, longevity pay, and all other pay and benefits which are derived from a calculation of basic compensation pay by the DC MPD.

## JURISDICTION

4.      This Court has jurisdiction in this matter pursuant to 29 U.S.C. § 216, 28 U.S.C. § 1337 and 28 U.S.C. § 1331, because this is a matter arising under the Constitution, laws or treaties of the United States.

5.      This Court has supplemental jurisdiction over the individual Plaintiffs' other claims pursuant to 28 U.S.C. § 1367.

## VENUE

6.      Venue is proper in the District of Columbia pursuant to 28 U.S.C. § 1391 (b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the District of Columbia.

## PARTIES

7.      All individual Plaintiffs are currently employed as sworn law enforcement officers by the DC MPD, and meet the definition of "employee" within the meaning of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 203(e)(1).

8.      Plaintiff Pablo Figueroa is a resident of Manassas, Virginia and is employed by DC MPD as a police officer, currently holding the rank of Sergeant.

9.      Plaintiff Michael Farish is a resident of Woodbridge, Virginia and is employed by DC MPD as a police officer, currently holding the rank of Lieutenant.

10.     Plaintiff Brian A. Murphy is a resident of Waldorf, Maryland and is employed by DC MPD as a police officer, currently holding the rank of Lieutenant.

11.     Plaintiff Tyrone Dodson is a resident of Washington, D.C. and is employed by DC MPD as a police officer, currently holding the rank of Sergeant.

12.     Plaintiff Lance D. Harrison, Sr. is a resident of Clinton, Maryland and is employed by DC MPD as a police officer, currently holding the rank of Sergeant.

13.     Plaintiff Deryl M. Johnson is a resident of Saint Leonard, Maryland and is employed by DC MPD as a police officer, currently holding the rank of Sergeant.

14.     Plaintiff Curtis R. Sloan is a resident of Waldorf, Maryland and is employed by DC MPD as a police officer, currently holding the rank of Sergeant.

15.     The DC MPD is an agency of the Government of the District of Columbia ("Defendant"), pursuant to D.C. Code § 5-101.01, and has the power to sue and be sued, plead and be impleaded and exercise all other powers of a municipal corporation not inconsistent with the Constitution and laws of the United States. D.C. Code § 1-102.

16.     The Defendant, through the DC MPD, is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d) "engaged in commerce" within the meaning of 29 U.S.C. § 203(d) and (e)(2)(c).

## FACTUAL ALLEGATIONS

17.     At all times relevant herein, the individual Plaintiffs performed the duties of "Detective Sergeant" as specified by D.C. Code § 5-543.02 (c) and DC MPD General Orders during varying periods of time during their employment with DC MPD.

18.     While employed by DC MPD and performing the duties of a Detective

Sergeant, the individual Plaintiffs were entitled to, but not provided, additional basic compensation in the amount of $595 per annum pursuant to D.C. Code § 5-543.02(c) in technician's pay.

19.    The DC MPD, following the District of Columbia Police and Fireman's Salary Act Amendments of 1972, as referred to in D.C. Code §5-543.02 (c) had, at first, properly promoted and compensated those performing the duties of Detective Sergeant for several years.

20.    Eventually, however, DC MPD apparently decided to stop providing promotions to the position of Detective Sergeant as well as the corresponding additional $595.00 per annum required to be paid by D.C. Code § 5-543.02 (c).

21.    Former DC MPD Chief of Police Charles Ramsey, in explaining why the statutory compensation had not been provided under D.C. Code § 5-543-02 (c) to individuals performing the duties of Detective Sergeant, contended, in a letter dated December 29, 2003, that the position of Detective Sergeant had not been utilized by the DC MPD for "more than two decades."

22.    Despite this contention, the DC MPD continued to select individuals employed within the DC MPD as sergeants to perform the same duties as a Detective Sergeant, without promoting them and not providing the statutorily mandated $595 per annum, as required by law.

23.    While not providing promotional opportunities to the position of Detective Sergeant, these individuals were often referred to as "Investigative Sergeants."

24.    Individual Plaintiffs, during the relevant period herein, while performing

the duties of "Detective Sergeant" pursuant to D.C. Code § 5-543.02(c), for which they should have been compensated originally, worked in excess of forty (40) hours per week and/or 8 hours per day.

25.    The DC MPD, for purposes of calculating Detective Sergeant technician's pay pursuant to D.C. Code § 5-543.02(d), was required to incorporate the $595.00 per annum additional compensation into the individual Plaintiff's salaries in the form of "basic compensation" from which other compensation, like overtime, would be based.

26.    Defendant failed to compensate the individual Plaintiffs for the duties performed by them as Detective Sergeants over the relevant time period.

27.    Accordingly, the individual Plaintiffs' collective bargaining representative, the Fraternal Order of Police/District of Columbia Metropolitan Police Department Labor Committee ("FOP"), took the dispute over the interpretation of D.C. Code § 5-543.02(c) to arbitration and obtained a ruling resolving the issue of whether those who had performed duties of a Detective Sergeant, including the individual Plaintiffs, were entitled to an additional $595 per annum in basic pay as stated in D.C. Code § 5-543.02(c).

28.    Specifically, Arbitrator Richard Trotter was asked, in FMCS Case No. 040123-53013-A (June 11, 2004), to consider the issue of whether individual Plaintiffs, and other employees of the DC MPD, while performing work as Detective Sergeants, were entitled to backpay compensation "retroactive to the date that each grievant was assigned to the position of Detective Sergeant" for failing to pay the $595.00 per annum due them under D.C. Code § 5-543.20 (c).

29.    The Arbitrator, in his ruling, on June 24, 2004, concluded that  duties

5

performed by the individual Plaintiffs and others affected fell under the statutory

definition of "Detective Sergeant" pursuant to D.C. Code § 5-543.02(c) and ordered

retroactive backpay of $595.00 "to the date each [individual] was assigned to the position

of Detective Sergeant."

30.    Subsequently, Defendant appealed the Arbitrator's interpretation of D.C.

Code § 5-543.02 of law as to this new debt owed to affected DC MPD employees,

including the individual Plaintiffs, to the DC Public Employee Relations Board ("DC

PERB").

31.    On September 30, 2005, the DC PERB upheld the arbitrator's award and

affirmed the Arbitrator's conclusion that DC MPD had been wrong in their legal analysis

of D.C. Code § 5-543.02 and therefore owed unpaid basic compensation to the individual

Plaintiffs and others affected.  See In the Matter of District of Columbia Metropolitan

Police Department and Fraternal Order of Police/Metropolitan Police Department Labor

Committee, PERB Case No. 04-A-18 (Sept. 30, 2005) ("DC PERB Decision").

32.    Pursuant to the DC PERB Rules of Procedure § 559.1, the DC PERB

decision became final after issuance, on September 30, 2005, meaning that such no

further appeals existed for the DC MPD after October 30, 2005.

33.    Despite the fact that the DC MPD had, through virtue of not appealing

further, accepted both the new debt owed to those affected, including the individual

Plaintiffs, and that the Arbitrator's legal interpretation was conclusive for all time given

their decision not to appeal further, they refused to then take remedial action in making

payment to individual Payments, and others affected.

34.    Defendant chose not to appeal the DC PERB Decision to the District of

Columbia Superior Court within the statutorily proscribed time period for doing so and thereby accepted the outcome and final legal interpretation made by the Arbitrator as and became liable for any and all basic pay owed to Plaintiffs as a result of their previous work as Detective Sergeants.

35.     On February 27, 2008 the Superior Court of the District of Columbia ordered the DC MPD to "immediately implement the Arbitration Award by conferring on subject grievants and all similarly situated police officer employees of the Metropolitan Police Department status of 'Detective Sergeant' with back pay of $595.00 per annum retroactive to the date that said employees were assigned to that position." The February 26, 2008 Order also instructed the DC MPD to pay all interest and costs.

36.     Despite the fact that Defendant had finally agreed with the DC PERB by accepting their decision and not appealing further, that it was liable for the lost basic pay to the Plaintiffs, Defendant failed to timely pay Plaintiffs the statutorily mandated $595 per annum within the next pay period, due during the next pay period following October 30, 2005.

37.     In approximately September 2007, Plaintiff Brian Murphy met with Lieutenant Richard Mattiello of the DC MPD, Human Resources Unit, regarding the Detective Sergeant payments which were owed.

38.     Lieutenant Mattiello, during this meeting, used his calculator to determine that Lieutenant Murphy would have been promoted to a higher step if Defendant had timely compensated him for his Detective Sergeant duties.

39.     Lieutenant Mattiello then told Lieutenant Murphy that the retroactive payments for everyone affected were "in the works" or words to that effect.

40.     Lieutenant Mattiello also told Lieutenant Murphy that he was in the process of obtaining the names of people who were owed compensation to submit to the Chief of Police, Charles Ramsey, for approval.

41.     Lieutenant Murphy then spoke to the then Assistant Chief of Human Resources for DC MPD, Shannon Cockett, and she informed him that because he was a lieutenant that he would have to wait to be paid because the DC MPD had planned to compensate all of the sergeants first.

42.     Lieutenant Murphy believed this to be a false statement because Plaintiff Michael Farish was promoted to the rank of lieutenant the same day as Lieutenant Murphy and Lieutenant Farish had been partially compensated.

43.     While Defendant has partially compensated some of the individual Plaintiffs, albeit in an untimely fashion, Defendant has wholly failed to compensate the individual Plaintiffs the entire $595 per annum which has accrued over the years Plaintiffs have held the status of Detective Sergeant.

44.     Based on individual Plaintiffs' statutory entitlement to have the additional $595 per annum factored into their compensation as basic compensation, the DC MPD did not do so.  The wages Defendant paid to Plaintiffs in their Detective Sergeant status were calculated incorrectly and therefore Plaintiffs have also been shorted their statutorily mandated overtime pay, longevity pay and in their other benefits.

45.     Defendant was on notice and was made aware of its legal obligations as a result of Arbitrator Trotter's ruling on June 11, 2004 and the DC PERB Decision issued on September 30, 2005; however, Defendant did not timely compensate the individual Plaintiffs.

## COUNT 1

### WILLFUL FAILURE TO PAY MINIMUM WAGES DUE IN VIOLATION OF THE FLSA, 29 U.S.C. § 206(b)

46.     Individual Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 45 as though fully set forth herein.

47.     Pursuant to 29 U.S.C. § 206(b), Defendant was required to pay individual Plaintiffs all minimum wages due in a timely manner.

48.     However, Defendant, after accepting the interpretation of statute, intentionally failed to pay many of the individual Plaintiffs their statutorily mandated $595 per annum portion of basic pay which has accrued over the relevant period.

49.     Defendant's failure and refusal to pay these individual Plaintiffs their statutorily mandated basic pay is a violation of 29 U.S.C. § 206(b).

50.     On July 22, 2007 and September 25, 2007, individual Plaintiffs, through counsel, submitted detailed correspondence, explaining to the DC MPD the law regarding the payment of hours covered by the FLSA.  Despite being on notice of the law, Defendant continued not to correct the situation and compensate the individual Plaintiffs.

51.     The inaction in correctly paying the individuals was willful and in bad faith because Defendant was on notice that the wages are due as evidenced by the DC PERB Decision.

52.     Accordingly, Plaintiffs are entitled to all backpay, liquidated damages and reasonable attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT 2

## UNTIMELY PAYMENT OF WAGES IN VIOLATION
## OF THE FLSA, 29 U.S.C. § 206(b)

53.    Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 52, as though fully set forth herein.

54.    Pursuant to 29 U.S.C. § 206(b), Defendant is implicitly required to promptly pay all wages due to the individual Plaintiffs within the next pay period after it becomes due.

55.    Plaintiffs' statutorily mandated $595 per annum became due during the next pay period, approximately October 30, 2005, following the DC MPD's acceptance of the DC PERB Decision.

56.    Defendant, however, failed to timely pay individual Plaintiffs the statutorily mandated $595 per annum within the next pay period and continued to withhold this basic pay owed to the individual Plaintiffs.

57.    Defendant's failure to timely pay the individual Plaintiffs their statutorily mandated basic pay is a violation of 29 U.S.C. § 206(b).

58.    Additionally, Defendant's failure to timely pay all wages due to the Plaintiffs was in bad faith because Defendant was on notice that the wages were due as evidenced by the DC PERB Decision.

59.    Accordingly, individual Plaintiffs are entitled to full backpay, liquidated damages and reasonable attorney fees pursuant to 29 U.S.C. § 216(b).

## COUNT 3

### WILLFUL FAILURE TO PAY OVERTIME DUE
### IN VIOLATION OF THE FLSA, 29 U.S.C. § 207(a)

60.    Individual Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 59 as though fully set forth herein.

61.    Pursuant to 29 U.S.C. § 207(a), Defendant is required to pay individual Plaintiffs time-and-one-half compensation for all overtime hours worked in excess of 40 hours per week depending on their individual periods of time worked as a Detective Sergeant.

62.    Defendant has either recklessly or knowingly and intentionally failed to provide the full amount of compensation due.

63.    Defendant knew, or should know, that their reckless or willful and intentional \failure to pay the individual Plaintiffs compensation due violates their rights, immunities and privileges secured to them by federal law.

64.    Defendant failed to adjust individual Plaintiffs' overtime compensation to reflect the additional basic pay that Plaintiffs earned as Detective Sergeants.

65.    Accordingly, Defendant violated the FLSA because Defendant failed to pay the individual Plaintiffs their complete overtime compensation as mandated by 29 U.S.C. § 207(a).

66.    Defendant's failure to pay all overtime wages owed to each individual Plaintiff is willful and in bad faith because Defendant was on notice that these wages were due as evidenced by their decision not to appeal the DC PERB Decision.

67.    On July 22, 2007 and September 25, 2007, individual Plaintiffs, through

counsel, submitted a letter to Terrence Ryan, Esq., General Counsel for the DC MPD apprising Defendant of the law regarding the payment of hours covered by the FLSA. Despite being on notice of the law, Defendant has failed to correct the situation and compensate the individual Plaintiffs.

68.    Accordingly, and as a direct and proximate result of Defendant's actions, the individual Plaintiffs are entitled to all backpay, liquidated damages and reasonable attorney's fees pursuant to 29 U.S.C. § 216(b) in an amount according to proof including, but not limited to, a sum equivalent to and in addition to their compensation which was not paid or paid late for the several years preceding this suit until the conclusion of the current action as required under the statute.

## COUNT 4

### VIOLATION OF DISTRICT OF COLUMBIA CODE § 5-5403.2 THROUGH NON-PAYMENT OF REQUIRED BASIC COMPENSATION

69.    Individual Plaintiffs incorporate by reference and reassert each and every allegation set forth above in Paragraphs 1 through 68 as though fully set forth herein.

70.    D.C. Code § 5-5403.2(c) states that "each officer . . . assigned as a detective sergeant . . . [shall receive] in addition to his scheduled rate of basic compensation, $595 per annum . . . so long as he remains in such assignment."

71.    D.C. Code § 5-5403.2(d) states that "the additional compensation authorized by subsections (b) and (c) of this section shall be paid to an officer or member in the same manner as he is paid the basic compensation to which he is entitled."

72.    The DC PERB Decision found that the individual Plaintiffs have held the status of Detective Sergeant at some time or another.

73.    However, Defendant failed, and with respect to some of the individual

Plaintiffs, continues to fail, to compensate the Plaintiffs the required $595 per annum in the manner in which basic compensation is paid pursuant to D.C. Code § 5-5403.2(c) and (d).

74.    Accordingly, Plaintiffs are entitled to any and all payments which have accumulated as a result of the Defendant's failure to pay the statutorily mandated $595 per annum as required by D.C. Code § 5-5403.2.

75.    For example, D.C. Code § 5-544.01 (a)(1) states that "in recognition of long and faithful continuous service," each officer shall receive, in addition to their basic pay, a per annum amount equal to a percentage of their basic compensation.

76.    D.C. Code § 5-543.02 (d) defines the Detective Sergeant $595 per annum compensation as "basic compensation," which "shall be paid to an officer or member in the same manner as he is paid the basic compensation to which he is entitled." Id.

77.    The Department's knowing and willful failure to timely compensate the individual Plaintiffs has resulted in an incorrect calculation of their service longevity increases to their detriment.

78.    Accordingly, individual Plaintiffs are entitled to have the additional Detective Sergeant compensation factored into longevity pay which has accumulated as a result of the Defendant's failure to pay the statutorily mandated $595 per annum as required by D.C. Code § 5-5403.2.

## PRAYER FOR RELIEF

WHEREFORE, individual Plaintiffs respectfully request that this Honorable Court grant the following relief:

79.     Enter declaratory judgment against Defendant for Defendant's violation of D.C. Code § 5-543.02 in not providing the basic compensation required of them by law ;

80.     Enter judgment against Defendant as a result of DC MPD's failure to pay minimum wages due to the Plaintiffs in violation of 29 U.S.C. § 206(b);

81.     Enter judgment against Defendant as a result of DC MPD's untimely delay in the payment of basic wages in violation of 29 U.S.C. § 206(b);

82.     Enter judgment against Defendant as a result of DC MPD's failure to fully compensate Plaintiffs for all overtime worked in violation of 29 U.S.C. § 207(a);

83.     Enter judgment against Defendant as a result of DC MPD's violation of D.C. Code § 5-5403.2;

84.     Order the DC MPD to perform a complete and accurate accounting of all employment to which individual Plaintiffs are entitled within a specified time frame;

85.     Following the accounting specified in Paragraph __, above, order the DC MPD to adjust the retirement benefits owed to them by the DC MPD;

86.     Order Defendant to pay all unpaid basic compensation, upaid overtime compensation, and erroneously calculated longevity pay due to individual Plaintiffs pursuant to 29 U.S.C. § 216(b);

87.     Award liquidated damages to individual Plaintiffs as a result of the willful, knowing and intentional decision by Defendant not to timely compensate Plaintiffs their full basic and overtime wages pursuant to 29 U.S.C. § 216(b);

88.    Award such pre-judgment and post-judgment interest as may be allowed by law;

89.    Award Plaintiffs the costs of this action, any expert, investigative and accountant fees, in addition to reasonable attorney's fees pursuant to 29 U.S.C. § 216(b); and

90.    Grant Plaintiffs such other relief as the Court deems just and proper.

## JURY DEMAND

The individual Plaintiffs hereby demand a trial by a jury of on all issues herein.

Dated: August 13, 2008          Respectfully Submitted,
Washington, D.C.

_____/s/_____
John V. Berry, Esq.
DC Bar No. 460531
BERRY & BERRY P.L.L.C.
Attorneys at Law
1990 M Street, N.W., Suite 610
Washington, D.C. 20036
Tel:    (202) 955-1100
Fax:    (202) 955-1101
Email: jberry@worklaws.com

Counsel for the Individual Plaintiffs

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing Second Amended Complaint

was filed and an additional copy was provided to Counsel for the Defendant, on this 13th

day of August, 2008, to:

> Jacques Lerner, Esq.
> District of Columbia
> Office of Attorney General
> 441 4th Street, N.W.
> Sixth Floor
> Washington, D.C. 20001
>
> Counsel for the District Defendant
> By Email Only: jacques.lerner@dc.gov
>
> __/s/__ *John V. Berry*_____
> John V. Berry