UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PABLO FIGUEROA,<br><br>    Plaintiff,<br><br>  v.<br><br>DISTRICT OF COLUMBIA<br>METROPOLITAN POLICE<br>DEPARTMENT,<br><br>    Defendant. | Civil Action 07-01992 (HHK) (AK) |

**MEMORANDUM OPINION**

  Metropolitan Police Officers Pablo Figueroa, Michael J. Farish, Brian A. Murphy, Tyrone Dodson, Lance D. Harrison, Sr., Deryl M. Johnson, and Curtis R. Sloan (collectively "plaintiffs") bring this action against the Metropolitan Police Department ("MPD") alleging that MPD failed to pay them basic and overtime compensation for fulfilling the duties of "detective sergeants." They allege that this nonpayment violated D.C. Code § 5-543.02(c) and provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

  Before the Court are MPD's motion for judgment on the pleadings or, in the alternative, for summary judgment [#50] and plaintiffs' motion for partial summary judgment [#38]. Upon consideration of the motions, the oppositions thereto, and the record of this case, the Court concludes that judgment should be entered in favor of MPD.

**I. BACKGROUND**

Under District of Columbia law, any member of MPD "promoted . . . to the rank of detective sergeant shall receive, in addition to his scheduled rate of basic compensation, $595 per annum." D.C. Code § 5-543.02(c). Some MPD officers believe that they fulfilled the responsibilities of detective sergeants but did not receive payment pursuant to this provision. On December 12, 2003, MPD Sergeants Pablo Figueroa, Brian Murphy, Donald Yates, John J. Brennan, and Curtis Sloan filed a grievance through their union, the Fraternal Order of Police ("union"), to contest the nonpayment of detective sergeant compensation. The Chief of Police denied the grievance.

Following the procedure described in Article 19 of the union's Collective Bargaining Agreement ("CBA") with MPD,[1] the union then brought the matter to arbitration on behalf of Sergeants Figueroa, Murphy, Yates, Brennan, and Sloan. On June 28, 2004, Arbitrator Richard G. Trotter determined that: (1) the grievance was not barred as untimely; (2) D.C. Code § 5-543.02 applied to the case because the grievants "perform[ed] the functions of Detective Sergeant"; and (3) the arbitrator had jurisdiction under the CBA to rule on this matter. (Def.'s Mot. for J. on Pleadings Ex. 3 at 7 (Op. & Award by Arbitrator)). Arbitrator Trotter awarded the grievants "back pay of $595.00 retroactive to the date that each grievant was assigned to the position of Detective Sergeant" and stated that the award "applies to all similarly-situated employees as described in the grievance." (*Id.* at 8).

---

[1] The CBA states that "arbitration is the method of resolving grievances which have not been satisfactorily resolved pursuant to the Grievance Procedure," which concludes upon receipt of a decision from the Chief of Police. (Def.'s Mot. for J. on Pleadings Ex. 6 at 33 (CBA)).

MPD requested review of the arbitration award by the District of Columbia Public Employee Relations Board ("PERB"). On September 30, 2005, PERB ruled that Arbitrator Trotter acted "well within the ambit of his authority when he conclude[d] that the underlying grievance is timely" and that the award of back pay was neither improper under the CBA nor contrary to law and public policy. (Def.'s Mot. for J. on Pleadings Ex. 4 at 4 (Decision & Order of PERB)). PERB's order stated that it was "final upon issuance." (*Id.* at 5). MPD did not appeal the PERB ruling.[2]

Plaintiffs filed this action on November 5, 2007, asserting in their second amended complaint ("complaint") four claims arising from MPD's alleged failure to pay each plaintiff the additional $595 for each year he fulfilled the responsibilities of a detective sergeant. In counts 1, 2, and 3, plaintiffs claim that MPD violated the Labor Standards Act (FLSA) by failing to (1) compensate them pursuant to 29 U.S.C. § 206(b), the FLSA's minimum wage provision, (2) compensate them in a timely manner pursuant to 29 U.S.C. § 206(b), and (3) take the additional compensation due them into account in calculating the overtime payments to which they are entitled as is required for compliance with 29 U.S.C. § 207(a), the FLSA's overtime provision. In count 4, plaintiffs assert that MPD violated D.C. Code § 5-543.02.

---

[2] Plaintiffs maintain that, although some of them received partial awards after PERB issued its ruling, none have been fully compensated for their work as detective sergeants. The union filed an action in the Superior Court of the District of Columbia seeking confirmation of the arbitration award, and in February 2008 the Superior Court ruled in the union's favor. MPD has brought an appeal of the Superior Court's order in the D.C. Court of Appeals.

## II. LEGAL STANDARD

Summary judgment may be granted only when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Burke v. Gould*, 286 F.3d 513, 517 (D.C. Cir. 2002).[3] A material fact is one that is capable of affecting the outcome of the litigation. *Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). A genuine issue is one where the "evidence is such that a reasonable jury could return a verdict for the nonmoving party," as opposed to evidence that "is so one-sided that one party must prevail as a matter of law." *Id.* at 248, 252. A court considering a motion for summary judgment must draw all "justifiable inferences" from the evidence in favor of the nonmovant. *Id.* at 255. But the nonmoving party's opposition must consist of more than mere unsupported allegations or denials and must be supported by affidavits or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).

## III. ANALYSIS

**A.     Plaintiffs' D.C. Code Claim is Barred by the Doctrine of *Res Judicata*.**

In count 4 of their complaint, plaintiffs assert that MPD's failure to pay them the additional compensation owed to detective sergeants constitutes a violation of D.C. Code § 5-543.02. This claim is barred by the doctrine of *res judicata*, or claim preclusion.

---

[3]     Because the Court's decision relies on facts taken from outside the pleadings, it applies the standard appropriate for consideration of MPD's motion for summary judgment, the motion MPD submits as an alternative to its motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

Neither party has raised this issue, so the Court notes first that it is appropriate for this Court to raise the matter sua sponte. *See Stanton v. D.C. Court of Appeals*, 127 F.3d 72, 77 (D.C. Cir. 1997) (stating that because *res judicata* "belongs to courts as well as to litigants," courts can consider it even if the parties have waived it); *Coleman v. Potomac Elec. Power Co.*, 310 F. Supp. 2d 154, 161 & n.5 (D.D.C. 2004) (*sua sponte* dismissing statutory discrimination claims as barred by *res judicata*). Permitting courts to dispose of claims on this ground on their own initiative "is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Arizona v. California*, 530 U.S. 392, 412 (2000) (quoting *United States v. Sioux Nation*, 448 U.S. 371, 432 (1980) (Rehnquist, J., dissenting)) (internal quotation marks omitted).[4]

*Res judicata* or claim preclusion doctrine is comprised of three elements: (1) the presence of the same parties or their privies in a previous and current suit; (2) claims arising from the same cause of action in the previous suit as those in the current suit; and (3) a final judgment on the merits in the previous suit. *Apotex, Inc. v. Food & Drug Admin.*, 393 F.3d 210, 217 (D.C. Cir. 2004). Each element of the doctrine is present here.

First, the Court recognizes that a binding arbitration proceeding is a final judgment on the merits and operates as the functional equivalent of a judgment in a lawsuit. *Sanders v. Wash. Metro. Area Transit Auth.*, 819 F.2d 1151, 1157 (D.C. Cir. 1987); *Schattner v. Girard, Inc.*, 668

---

[4] Under the circumstances here, neither party's interest would be served by raising the issue of claim preclusion; certainly the plaintiffs would not ask the Court to find their own claims barred, and MPD did not prevail in the previous proceeding. It is therefore particularly appropriate in this case for the Court to apply a principle that serves the interests of the Court "or, more precisely, those of society." *Stanton*, 127 F.3d at 77.

F.2d 1366, 1368 (D.C. Cir. 1981).  To reiterate, there has been an arbitration proceeding and a resulting binding award,[5] affirmed upon review by PERB.  Moreover, the parties to the arbitration proceeding were the same or in privity with the parties currently before the Court.  Pablo Figueroa, Brian Murphy, and Curtis Sloan were grievants before the arbitrator.  Though Michael Farish, Tyron Dodson, Lance Harrison, and Deryl Johnson were not named grievants in the arbitration proceeding, they are, as MPD employees, members of the union.  Therefore, for purposes of claim preclusion analysis, they are in privity with the union and its members who were parties in the arbitration proceeding.  *See Adams v. Pension Ben. Guar. Corp.*, 332 F. Supp. 2d 231, 238 n.8 (D.D.C. 2004) (citing *Monahan v. New York City Dept. of Corrs.*, 214 F.3d 275, 285 (2d Cir. 2000)); *see also Hitchens v. County of Montgomery*, 2004 WL 886266, at *6 (3d Cir. April 26, 2004) (citing *Handley v. Phillips*, 715 F. Supp. 657, 666-67 (M.D. Pa. 1989); *Stokes v. Bd. of Tr. of Temple Univ.*, 683 F. Supp. 498, 502 (E.D. Pa. 1988), *aff'd*, 872 F.2d 413 (3d Cir. 1989)).[6]  Consequently, the first and third elements of claim preclusion doctrine are present.

---

[5]     The CBA states that if the union demands arbitration to settle a grievance, "[t]he decision of the arbitrator shall be binding upon both parties and all employees during the life of this Agreement."  (Def.'s Mot. for J. on Pleadings Ex. 6 at 35 (CBA)).

[6]     Furthermore, in appropriate circumstances, "[a] nonparty may be considered in privity with a party to the prior action if the nonparty's interests are 'adequately represented by a party to the original action.'" *Lewandowski v. Prop. Clerk*, 209 F. Supp. 2d 19, 21-22 (D.D.C. 2002) (quoting *Am. Forest Res. Council v. Shea*, 172 F. Supp. 2d 24, 31 (D.D.C. 2001)).  The alignment of the interests between the new plaintiffs in this case and the union in representing the original grievants is evident.  The new plaintiffs, as employees who allege they did the work of detective sergeants and seek compensation for that work, are in the same position as were the original grievants.  They even appear to have been indirectly represented at the arbitration proceeding; the resulting award applied to employees "similarly situated" to the named grievants. (Def.'s Mot. for J. on Pleadings Ex. 3 at 8 (Op. & Award by Arbitrator)).  And the new plaintiffs, as co-parties with Figueroa, Murphy, and Sloan, now bring the same action, make joint arguments, and request identical relief before this Court as do those original grievants.

The second and remaining element of the doctrine—claims arising from the same cause of action in the previous suit as those in the current suit—is also present. At arbitration, the union argued that the grievants "have performed the job function of Detective Sergeant . . . [and] should be compensated accordingly as provided for under the terms of D.C. Code Section 5-543.02(c)." (Def.'s Mot. for J. on Pleadings Ex. 3 at 4 (Op. & Award by Arbitrator)). Here, in count 4 of their complaint, plaintiffs allege that "the individual Plaintiffs have held the status of Detective Sergeant" but MPD has failed "to pay the statutorily mandated $595 per annum as required by D.C. Code § 5-543.02." (Compl. §§ 72, 74). The claims before the arbitrator and the claims set forth in count 4 are identical. Precluding plaintiffs from prosecuting the claims they assert in count 4 is consistent with the proposition that "a party who once has had a chance to litigate a claim before an appropriate tribunal usually ought not to have another chance to do so." *SBC Commc'ns. Inc. v. FCC*, 407 F.3d 1223, 1229 (D.C. Cir. 2005) (internal quotation marks omitted).[7]

*Res judicata* does not bar the claims set forth in counts 1, 2, and 3 of the complaint, however. These claims are based on alleged violations of the FLSA. While as a general matter, courts do not permit "claims that *should* have been submitted to arbitration, even if they were not actually heard" to be brought in a subsequent lawsuit, *Sanders*, 819 F.2d at 1157 (quoting *Schattner*, 668 F.2d at 1368) (internal quotation marks omitted), the Supreme Court has held that an action in federal court alleging claims under the FLSA may proceed even where a prior

---

[7] The Court is not unsympathetic to plaintiffs' allegation that they have not received compensation from MPD despite the outcome of the arbitration proceeding. But an enforcement action is pending in the D.C. courts, and this Court will not ignore the principles of claim preclusion because the plaintiffs have not yet received the benefit of their award.

arbitration based on the same facts has already occurred. *Barrentine v. Arkansas-Best Freight Sys.*, 450 U.S. 728, 729-30 (1981).[8] This rule reflects the significance of the Congressional grant of individual wage and hour protections as well as the intent to provide "broad access to the courts" to enforce those rights. *Id.* at 739-40. Though not barred by *res judicata*, plaintiffs' claims based on alleged violations of the FLSA nonetheless fail because they are time barred.

**B.    Plaintiffs' FLSA Claims are Time Barred.**

MPD argues that plaintiffs' FLSA claims are time barred by the applicable statute of limitations because plaintiffs have been on notice that they would not receive compensation as detective sergeants since MPD eliminated the position twenty-five years ago. Plaintiffs respond that they have submitted evidence demonstrating that the position continues to exist. They also argue that their claims did not accrue until the PERB decision became final in late 2005.

The Court need not resolve the parties' dispute about the existence of the detective sergeant position. Even if plaintiffs are correct that they served as detective sergeants, it is apparent from the record that they did so before December 12, 2003, when they filed a grievance seeking compensation pursuant to D.C. Code § 5-543.02(c). Contrary to plaintiffs' assertion, their claims do not arise out of MPD's nonpayment of the arbitration award, but instead from the failure to compensate them at the time they allegedly fulfilled the responsibilities of detective

---

[8]    A collective bargaining agreement may require arbitration of statutory claims and thus bar individuals from seeking redress on those claims in a judicial forum, but only if the agreement's arbitration provision expressly covers statutory rights. *14 Penn Plaza LLC v. Pyett*, 129 S.Ct. 1456, 1468-69 (2009). Here, plaintiffs' CBA does not state that it covers statutory claims. Instead, it provides that "[o]nly an allegation that there has been a violation, misapplication or misinterpretation of the terms of this Agreement shall constitute a grievance under the provisions of this Grievance Procedure." (Def.'s Mot. for J. on Pleadings Ex. 6 at 27 (CBA)).

sergeants. *See Marsans v. Commc'ns Workers of Am.*, 1989 WL 43831, at *9 (D.D.C. Apr. 19, 1989) ("A cause of action accrues under this section at the time the [FLSA] was allegedly violated and overtime payments were allegedly due." (citing *Unexcelled Chem. Corp. v. United States*, 345 U.S. 59, 65 (1959))).[9] As has been explained, there is nothing to prevent plaintiffs from prosecuting claims in federal court based on alleged violations of the FLSA rather than following union grievance procedures.  However, plaintiffs' pursuit of remedies under a collective bargaining agreement does not toll the time within which they were required to bring their FLSA-based claims.  *See Abbott v. United States*, 144 F.3d 1, 6 (1st Cir. 1998) (stating, in affirming a district court's dismissal of FLSA claims as time barred following the pursuit of a union's grievance procedures, that "[t]he Supreme Court has squarely held in *Unexcelled Chem. Corp. v. United States*, 345 U.S. 59, [66] (1953) that the FLSA's statute of limitations is not subject to tolling on the basis of pending administrative proceedings").

The time limitation for bringing FLSA claims is two years, though it is extended to three years if, as plaintiffs allege here, the violation was willful.  29 U.S.C. § 255(a).  More than three

---

[9]     Plaintiffs are not seeking enforcement of the arbitration award; as noted, such an action is pending in the D.C. courts.  They argue that the finalization of the PERB decision was a "condition precedent" to the accrual of their FLSA claim, citing *Cook v. United States*, 855 F.2d 848 (Fed. Cir. 1988), in which "the right of fire fighters to statutory overtime depended on" a study by the Secretary of Labor.  *Id.* at 851.  But the Federal Circuit acknowledged in *Cook* that the factual circumstances of the case were atypical, *see id.* at 851 ("This [delay in accrual] is contrary to the usual rule, *i.e.*, that a claim for unpaid overtime under the FLSA accrues at the end of each pay period when it is not paid."), and the accrual was delayed only because the plaintiff firefighters "could not have stated a claim" until the study, which determined "how many hours could be worked before overtime liability began," was published, *see id.* at 849, 851. No similar circumstances exist here.  Plaintiffs' cause of action existed, and they could have filed suit asserting their FLSA claims, at least as early as the date they contested the nonpayment of wages through the CBA grievance procedures.  *Cf. Moreno v. United States*, 82 Fed. Cl. 387, 404 (2008) (distinguishing *Cook* where "the plaintiffs clearly *could* have sued any time after the pay periods during which they worked a sixth day per week . . . but did not receive overtime for it").

years passed between December 2003 and the filing of the complaint in this case in November 2007. Therefore, regardless of which limitation period applies, plaintiffs' FLSA claims are time barred.

### III. CONCLUSION

For the foregoing reasons, the Court concludes that summary judgment must be entered in favor of MPD and that plaintiffs' motion for partial summary judgment must be denied. An appropriate order accompanies this memorandum opinion.

Henry H. Kennedy, Jr.<br>
United States District Judge