## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| **PABLO FIGUEROA, *et al.*,** | **Civil Action No. 07-CV-1992 (BJR)** |
| **Plaintiffs,** | **MEMORANDUM AND OPINION DENYING MOTION FOR JUDGMENT ON THE PLEADINGS, OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT** |
| **v.** | |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

### I.       INTRODUCTION

This matter is before the court on Defendant, the District of Columbia's ("the District"), Renewed Motion for Judgment on the Pleadings, or, in the Alternative, for Summary Judgment. (Dkt. No. 79.). Plaintiffs filed an Opposition to the Motion on June 25, 2011 (Dkt. No. 81), and the District filed a Reply on June 30, 2011 (Dkt. No. 82).   Having considered the parties' arguments, pleadings, and relevant case law, the court finds and rules as follows.

### II.       FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This matter is on remand from the D.C. Circuit.[1] Metropolitan Police Officers Pablo Figueroa, Michael J. Farish, Brian A. Murphy, Tyrone Dodson, Lance D. Harrison, Sr., Deryl M. Johnson, and Curtis R. Sloan (collectively "Plaintiffs") brought this action against the Metropolitan Police Department ("MPD") alleging that MPD failed to pay them basic and overtime compensation for fulfilling the job duties of the position of a detective sergeant. They allege that this nonpayment violated D.C. Code. § 5-543.02(c) and provisions of the Fair Labor Standards Act ("the FLSA"), 29 U.S.C. §§ 201 *et seq.*

---

[1]       *Figueroa v. D.C. Metro. Police Dep't*, 633 F.3d 1129 (D.C. Cir. 2011).

Under District of Columbia law, any member of MPD "promoted . . . to the rank of detective sergeant shall receive, in addition to his scheduled rate of basic compensation, $595 perannum." D.C. Code § 5-543.02(c). On December 12, 2003, three of the Plaintiffs in this case filed a grievance through their union, the Fraternal Order of Police (the "Union"), alleging that they had fulfilled the duties of detective sergeant but had not received the additional $595 stipend. The Chief of Police denied the grievance, claiming that the position of detective sergeant at MPD has not existed for over twenty years.

In accordance with its collective bargaining agreement, the Union brought the matter to arbitration. On June 28, 2004, the arbitrator found that § 5-543.02(c) applied to the officers because they had performed the functions of a detective sergeant. (Dkt. No. 50, Def.'s Mot. for J. on Pleadings Ex. 3 at 7 (Op. & Award by Arbitrator).). The arbitrator rejected MPD's argument that the grievance was untimely, concluding that the officers had not previously "discovered" the D.C. Code provision, and, moreover, that their claim was for "an on-going violation." *Id*. He then awarded the officers "the Status of Detective Sergeant" and "back pay of $595.00 per year." *Id*. The arbitrator further held that the award "applie[d] to all similarly-situated employees as described in the grievance." (*Id*. at 8).

MPD requested review of the arbitration award by the District of Columbia Public Employee Relations Board ("PERB"). On September 30, 2005, the PERB ruled that the arbitrator acted "well within the ambit of his authority when he conclude[d] that the underlying grievance is timely" and that the award of back pay was neither improper under the collective bargaining agreement nor contrary to law and public policy. (Dkt. No. 50, Ex. 4 at 4-5 (Decision & Order of PERB).). MPD did not appeal the PERB ruling.

Following the PERB's ruling, MPD took steps to compensate retroactively those officers who had served as detective sergeants. *Figueroa*, 633 F.3d at 1131. In 2007, it amended the personnel forms of three of the Plaintiffs to show that they had served and continued to serve as detective sergeants, and it gave them lump sum payments of $595 per year for every year they were assigned to the position. *Id*. The Department eventually did the same for the fourth Plaintiff. (Dkt. No. 81 at 7, ¶ 16.). It did not, however, recalculate Plaintiffs' overtime pay based on the $595 stipend. *Figueroa*, 633 F.3d at 1131.

On November 5, 2007, the officers filed the present action against the District alleging violations of the FLSA. Plaintiffs alleged three violations: (1) willful failure to pay minimum wages in violation of § 206(b) (Count I); (2) untimely payment of wages in violation of § 206(b) (Count II); and (3) willful failure to pay overtime in violation of §207(a) (Count III). Plaintiffs also alleged that MPD violated the detective sergeant provision of D.C. Code § 5-543.02 (Count IV). MPD moved for Judgment on the Pleadings, or, in the Alternative, Summary Judgment on February 24, 2009. (Dkt. No. 50.). The district court ruled in the District's favor, finding that the FLSA claims were barred by the statute of limitations.[2] *Figueroa v. D.C. Metro. Police Dep't*, 658 F.Supp.2d 148, 152, 154 (D.D.C. 2009). The district court, *sua sponte*, also found that the arbitration proceedings disposed of Count IV as a matter of res judicata. *Figueroa*, 633 F.3d at 1131. Therefore, judgment was entered in favor of the District. *Id*.

On appeal, Plaintiffs challenged only one aspect of the district court's decision: its conclusion that the FLSA overtime claims were time-barred. *Id*. at 1132. The D.C. Circuit reversed the district court's finding on this issue, concluding that Plaintiffs may recover if their paychecks failed to include properly calculated overtime compensation during the two or three

---

[2]        This matter was initially assigned to the Honorable Judge Kennedy, but was reassigned to this court on April 4, 2012. (Dkt. No. 83.).

years before they filed their complaint—depending upon which statute of limitations provision is applicable. *Id*. at 1135. As the district court did not determine the merits of Plaintiffs' claims, or which limitations period applies, the D.C. Circuit remanded the case for further proceedings consistent with its opinion. *Id*.

### III.     PRESENT ISSUES BEFORE THE COURT

The parties dispute what issues are before this court on remand. Plaintiffs argue that the D.C. Circuit has reviewed, *de novo*, all of the legal arguments raised by both parties in this case. (*See* Dkt. No. 78.). As such, Plaintiffs assert, the only issues remaining are: (1) a determination on the merits as to whether Plaintiffs' paychecks failed to include properly calculated overtime compensation during the time period between November 5, 2004 and present; (2) was MPD's failure to pay willful, a result of which, will determine which statute of limitations period applies; and (3) whether the court should use November 5, 2004 (or 2005) as the date for application of the limitation period.[3] *Id*. Plaintiffs request that the court either reconsider their Motion for Partial Summary Judgment (Dkt. No. 38) or move to trial on the merits of the remaining issues. (*See* Dkt. No. 78 at 3.).[4]

In its current motion, the District argues that, first, if Plaintiffs are detective sergeants under D.C. Code § 5-543.02(a), then they fall within the executive exemption of the FLSA, or, alternatively, second, if Plaintiffs are not executive employees, they still cannot prevail because the $595 stipend is not part of basic compensation for purposes of overtime calculation under FLSA. (*See* Dkt. No. 79 at 1-2.). Finally, the District agrees with Plaintiffs that if this court rules

---

[3]      *See Figueroa*, 633 F.3d at 1132 n. 1 (discussing the need to construe on the remand the statutory language "*within* two years *after* the case of action accrued.")

[4]      It is unclear from the pleadings whether Plaintiffs seek to renew their 2009 Motion for Partial Summary Judgment. The affidavits and statement of material fact filed by Plaintiffs in support of the original motion were filed nearly three years ago and do not provide specific, updated information to support a renewed motion. Accordingly, to the extent that Plaintiffs' seek to renew the 2009 motion, the court will deny it without prejudice.

against it on the executive exemption issue and concludes that the $595 must be included in the FLSA overtime calculation, then the issue of willfulness must be addressed.

## IV.   DISCUSSION

### A.   Standard of Review

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[5] *See* Fed. R. Civ. P. 56(c). *See also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a factual dispute will not preclude summary judgment. Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986). To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and cannot be based on conclusory allegations, denials or opinions. *Crenshaw v. Georgetown University*, 23 F. Supp. 2d. 11 (D.D.C. 1998).

### B.   Analysis

First, this court must address whether the District's renewed motion is properly before it. Plaintiffs challenge the District's right to renew its motion, arguing that the D.C. Circuit reviewed all of the legal arguments raised by both parties in this case, *de novo*, and determined that Plaintiffs could establish a claim for overtime compensation under the FLSA. (Dkt. No. 78 at 1; Dkt. No. 81 at 10.). They point out that the defenses to the FLSA overtime claim that the District is currently asserting are identical to those raised in its original motion. Therefore, Plaintiffs argue, in reversing the district court on the overtime claim, the D.C. Circuit necessarily

---

[5]     Given that both parties submitted matters outside the pleadings, the court will treat this motion as one for summary judgment. *See* Fed.R.Civ.P. 12(d).

rejected the District's defenses to the claim. As such, Plaintiffs maintain, the District is prohibited from rearguing those defenses now. (See Dkt. No. 81 at 10-11.).

Plaintiffs are incorrect. The only issue before the D.C. Circuit was whether Plaintiffs' FLSA overtime claim was time-barred. *See Figueroa*, 633 F.3d 1132 ("On appeal, the officers challenge only one aspect of the district court's decision: its conclusion that their FLSA overtime claim[] [is] time-barred."). As the Court stated: "In sum, the appellants may recover if their paychecks failed to include properly calculated overtime compensation during the two or three years before they filed their complaint—depending upon which limitations provision is applicable. *As the district court did not determine the merits of the officer's claims*, or which limitations period applied, *we remand the case for further proceedings consistent with this opinion.*" *Id*. at 1135-1136 (emphasis added). As such, the District's renewed motion is properly before this court.

Having determined that the District's renewed motion is properly before it, the court now turns to the merits of the parties' arguments.

**(1)   Whether MPD has a "Detective Sergeant" position, and, if so, whether Plaintiffs fulfilled the job duties of that position**

The District contends that, to-date, no court has ruled on the question of whether the position of "Detective sergeant" exists at MPD. (*See* Dkt. No. 86 at 2, n. 3.). This court disagrees. The question of whether the position exists and whether Plaintiffs retained that position has been conclusively resolved in Plaintiffs' favor. The arbitrator awarded Plaintiffs the "Status" of "Detective Sergeant," the PERB affirmed the arbitrator's decision, and MPD did not appeal the PERB's ruling. *Figueroa*, 633 F.3d at 1131. The district court, *sua sponte*, found that the arbitration proceedings disposed of Count IV as a matter of res judicata. *Figueroa*, 633 F.3d at 1131. The District did not challenge this ruling. As such, the issue of whether Plaintiffs are

detective sergeants has been conclusively resolved for purposes of this litigation and will not be revisited by this court.

**(2)      Whether detective sergeants fall within the executive exemption to the FLSA**

Next, the District argues that if Plaintiffs are indeed detective sergeants, then they are not entitled to overtime compensation because detective sergeants are exempt from the FLSA's overtime provisions. The District seeks refuge in section 13(a)(1) of the FLSA, 29 U.S.C. § 213(a)(1), which exempts from the Act's coverage "any employee employed in a bona fide executive, administrative, or professional capacity...." *Id*. Specifically, the District contends that detective sergeants are "executive employees." (Dkt. No. 67 at 12.).

The District bears the burden of proving that its employees are exempt from the FLSA's overtime provisions. *D'Camera v. District of Columbia*, 693 F. Supp. 1208, 1210 (D.D.C. 1988) (citing *Corning Glass Works v. Brennan*, 417 U.S. 188, 196–97 (1974)). Moreover, exemptions from the FLSA's reach must be narrowly construed against the employer in order to further Congress' goal of affording broad federal employment protection. *D'Camera*, 693 F. Supp. at 1210 (citing *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211 (1959)). The District claims that detective sergeants are exempt from the FLSA under the so-called "short test." (Dkt. No. 50 at 11.).[6] Under this test, an employee is exempt if the employer can show that the employee's "primary duty consists of the management of the enterprise in which the employee is employed or of a customarily recognized department or subdivision thereof, and includes the customary and regular direction of the work of two or more other employees...." 29 C.F.R. § 541.1(f); *see also Auer v. Robbins*, 65 F.3d 702, 712 (8th Cir. 1995) *aff'd on other grounds*, 519 U.S. 452 (1997).

---

[6]      The "short test" applies if an employee is paid a salary of at least $455 per week. *See* 29 C.F.R. §§ 541.2.

Determining whether an employee's primary duty is management depends upon "all the facts in a particular case." 29 C.F.R. § 541.103; *Harris v. District of Columbia*, 741 F. Supp. 254, 259 ("In the end, deciding whether an employee is exempt must be a voyage through fact-bound waters. Although there are a great many stars of law to navigate by, the course turns on the facts of an employee's job duties"); *D'Camera*, 693 F. Supp. 1210 (the implementing guidelines "require that the court undertake a highly fact-specific inquiry into the tasks and responsibilities of the subject employees"). Among other things, the court must ascertain the "primary duty" of the employee, 29 C.F.R. §§ 541.2(a), (e)(2); whether that duty consists of manual labor as opposed to nonmanual "office" work, *id*. §§ 541.2(a)(1), (e)(2); whether the employee's role is "directly related to management policies or general business operations of his employer," *id*.; and whether the employee, in performing his duties, "customarily and regularly exercises discretion and independent judgment," *id*. §§ 541.2(b), (e)(2).

The present record is devoid of any such evidence. Instead, the District argues that because the position of detective sergeant does not exist, there is no job description for the position. However, the District asserts, the "Court may and should infer that, if the Chief of Police were to create a Detective Sergeant position and rank…including drafting a position description, she would insure that [the description] meets the requirements of the executive exemption." (Dkt. No. 79 at 8.). The court cannot and will not make such an inference. The question currently before the court is whether Plaintiffs' job duties, based on which the arbitrator awarded them the "Status of Detective Sergeant," are such that Plaintiffs' primary responsibilities consisted "of the management of the enterprise in which the employee is employed … includ[ing] the customary and regular direction of the work of two or more other

employees….." 29 C.F.R. § 541.1(f). The District has failed to provide *any* evidentiary support pertinent to this analysis.

Similarly, the arbitrator's decision contains only limited factual findings as to Plaintiffs' job responsibilities. The only reference to Plaintiffs' duties, in its entirety, is as follows:

> The Agency…points out that Lieutenant Delgado who was called as an Agency witness testified that…Sergeant Figueroa is a first line supervisor responsible for administrative duties such as filling out Forms PD42 or 43 for investigators and that he does supervise investigators…Additional support for the Union's claim, that the grievants did perform the functions of Detective Sergeants is evidenced by the fact that in their evaluation forms they were described as "Inv. Sgt."

(Dkt. No. 38, Ex. 1 at 7-8.). It is impossible for this court to determine from the record before it the nature of Plaintiffs' job duties. The District's failure to meets its evidentiary burden mandates denial of the motion. *See D'Camera*, 693 F. Supp. at 1212. In the event that the District can remedy this failure, the court will allow it to file a renewed motion for summary judgment as to this issue.[7],[8]

**(3)     Whether the $595 annual stipend must be included in the FLSA overtime calculation**

The FLSA generally requires covered employers to pay its employees overtime pay for work in excess of forty hours a week. 29 U.S.C. § 207(a)(1); 29 C.F.R § 778.200.[9]  Overtime hours must be compensated "at a rate not less than one and one-half times the regular rate at which [the employee] is employed." 29 U.S.C. § 207(a)(1). The regular rate "shall be deemed to include all remuneration for employment paid to, or on behalf of, the employee," with eight exceptions. 29 U.S.C. § 207(e). This "list of exceptions is exhaustive, the exceptions are to be

---

[7]     The District's reliance on *Auer v. Robbins*, an 8th Circuit case, does not support its motion, but, rather, further demonstrates the need for a fact specific inquiry. 65 F.3d 701 (8th Cir. 1995) (affirming the district court's fact specific findings as to plaintiffs' primary job duties).

[8]     The court notes that in Plaintiffs' opposition to the District's original motion for judgment on the pleadings or, in the alternative, for summary judgment, they argued that the District had waived the exemption defense because it failed to plead it in its Answer. (Dkt. No. 13.). However, Plaintiffs do not renew this argument in the current opposition. (Dkt. No. 81.). Accordingly, the court will not address this issue.

[9]     Plaintiffs' compensation is governed by the FLSA, as incorporated in D.C. Code § 1-611.03.

interpreted narrowly against the employer, and the employer bears the burden of showing that an exception applies." 29 C.F.R § 778.200(c); *O'Brien v. Town of Agawam*, 350 F.3d 279 (1st Cir. 2003) (overruled on other grounds by *14 Penn Plaza LLC v. Pyett*, 129 S.Ct. 24 (2009)).[10]

Therefore, the first step in many FLSA overtime disputes is to determine an employee's regular rate. *See Chavez v. City of Albuquerque*, 630 F.3d 1300, 1304 (10th Cir. 2011) (citing *Walling v. Youngerman–Reynolds Hardwood Co.*, 325 U.S. 419, 424 (1945) ("The keystone of Section 7(a) is the regular rate of compensation. On that depends the amount of overtime payments which are necessary to effectuate the statutory purposes. The proper determination of that rate is therefore of prime importance."). The regular rate is "the hourly rate actually paid for the normal, non-overtime workweek." *Walling v. Helmerich & Payne*, 323 U.S. 37, 40 (1944). The regular rate may include more than just an employee's contractually-designated hourly wage if the employee is, in fact, paid more than that hourly wage. Contractual stipulations as to the regular rate are not controlling, because the regular rate is an "actual fact," rather than "an arbitrary label chosen by the parties." *Youngerman–Reynolds*, 325 U.S. at 424.

The District contends that the $595 annual stipend under D.C. Code § 5-543.02 is not part of Plaintiffs' "basic compensation," but rather, is an "additional payment" that should not be included in Plaintiffs' regular rate for purposes of overtime calculation under the FLSA. (Dkt. No. 79 at 10.). In support of this argument the District relies on D.C. Code § 5-1304(7), which states that the "[r]ate of basic compensation" is the "rate of compensation fixed by law for the position held by an officer or member exclusive of any deductions or additional compensation of any kind."

---

[10]     Section 207(e) (1)-(8) provides exemptions for the following: gifts unrelated to work, production, or efficiency; pay for off-duty benefits; sums paid at the employer's sole discretion; contributions to employee benefit trusts; premiums paid for hours worked in excess of the employee's normal working hours; premiums paid for work on a weekend or holiday; premiums paid per a union contract; and the grant of stock options.

However, in making this argument, the District ignores entirely the fact that Plaintiffs' overtime calculation must be made in accordance with the FLSA. *See* D.C. Code § 1-611.03(e) ("Notwithstanding any other provision of District law or regulation…entitlement to and computation of overtime for all employees of the District government…shall be determined in accordance with…the overtime provisions of section 7 of the [FLSA], as amended, 29 U.S.C. § 207). The FLSA mandates that "regular rate" include "all remuneration for employment paid to, or on behalf of, the employee" unless it falls under one of the eight expressly provided exclusions. 29 C.F.R. § 778.200(c); *see also, Madison v. Resources for Human Development, Inc.*, 233 F.3d 175, 187 (3rd Cir. 2000) (stating that there is a statutory presumption that remuneration in any form is included in the regular rate calculation); *O'Brien v. Town of Agawam*, 350 F.3d 279 (1st Cir. 2003) (same). The District bears the burden of proof to show that a particular payment falls within the exemptions. *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190, 206, 209 (1966) (holding that the burden of proving an exemption under the FLSA is upon the employer); *O'Brien*, 350 F.3d at 294 (same). The District does not reference the exemptions—let alone argue—that one of them applies to the present situation. This is not surprising as it is clear that the $595 annual stipend does not fall within one of the enumerated exemptions. What is surprising is that the District is arguing this issue at all given the fact that it currently includes the $595 stipend in the calculation of overtime for current employees. (Dkt. No. 79, Ex. 8 Declaration of Diana Haines Walton.). Accordingly, the District has not met its burden and the motion is denied as to this claim.

## V.    CONCLUSION

Based on the forgoing, the court concludes as follows:

(1)    The position of detective sergeant exists at MPD;

    (2)      Plaintiffs' are detective sergeants; and

    (3)      The $595 annual stipend is part of Plaintiffs' regular pay rate and must be included in the FLSA overtime calculation.

The following three issues remain:

    (1)      Whether detective sergeants are executive employees within the meaning of the FLSA and therefore exempt from overtime pay,

    (2)      Whether MPD's failure to pay was willful, the result of which, will determine the appropriate statute of limitations period; and

    (3)      Whether November 5, 2004 (or 2005) should be included in the limitation period.

As such, the court HEREBY RULES as follows:

    (A)      The District's Renewed Motion for Judgment on the Pleadings, or, in the Alternative, for Summary Judgment is DENIED;

    (B)      To the extent that Plaintiffs intended to renew their January 7, 2009 Motion for Partial Summary Judgment (Dkt. No. 38), the motion is DENIED without prejudice because it is not supported by updated affidavits and/or a statement of material facts as to which there is no genuine dispute;

    (C)      The court is of the opinion that further briefing by the parties might be helpful in narrowing the three remaining issues, and, therefore, orders that parties meet and confer and submit a joint proposed briefing schedule on or before July 9, 2012.

Dated this 22nd day of June, 2012.

_Barbara J Rothstein_
Barbara Jacobs Rothstein
U.S. District Court Judge