**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **PABLO FIGUEROA,** *et al.*, | |
| **Plaintiffs,** | Civil Action No. 07-CV-1992 (BJR) |
| **v.** | **MEMORANDUM AND OPINION ON ISSUES RAISED IN SUPPLEMENTAL BRIEFING** |
| **DISTRICT OF COLUMBIA,** | |
| **Defendant.** | |

## I.      INTRODUCTION

Metropolitan Police Officers Pablo Figueroa, Michael J. Farish, Brian A. Murphy,

Tyrone Dodson, Lance D. Harrison, Sr., Deryl M. Johnson, and Curtis R. Sloan (collectively

"Plaintiffs") brought this action against the District of Columbia (the "District") alleging that the

Metropolitan Police Department ("MPD")  failed to pay Plaintiffs basic and overtime

compensation for their duties as detective sergeants in violation of D.C. Code § 5-543.02(c) and

the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq*. On May 27, 2011, the District

filed a renewed Motion for Judgment on the Pleadings, or, in the Alternative, Summary

Judgment. (Dkt. No. 79.). The motion was filed following remand from the D.C. Circuit. *See*

*Figueroa v. D.C. Metro. Police Dep't*, 633 F.3d 1129 (D.C. Cir. 2011). On June 22, 2012, this

Court denied the District's motion, in part, and requested supplemental briefing from the parties

on several issues. (Memorandum and Opinion dated June 22, 2012 (the "June 22, 2012 Order"),

Dkt. No. 87.).  The parties filed the requested supplemental briefing. (Plaintiffs' Opening Brief

on Additional Issues Raised by the Court, Dkt. No. 93; Defendant District of Columbia's Brief

Responding to the Remaining Issues Identified by the Court, Dkt. No. 94; Plaintiffs' Opposition

and Response Brief to Defendant's Opening Brief, Dkt. No. 97; Defendant's Opposition to

Plaintiffs' Opening Brief on Additional Issues Raised by the Court, Dkt. No. 98; Plaintiff's

Reply Brief, Dkt. No. 99; and Reply in Further Support of Defendant's Brief Responding to the

Remaining Issues Identified by the Court, Dkt. No. 100.). Having considered the parties'

arguments, pleadings, and relevant case law, the Court finds and rules as follows:

## II.     BACKGROUND AND PROCEDUREL HISTORY

This case has an extended background that bears repeating here. Under District of

Columbia law, any member of the MPD "promoted . . . to the rank of detective sergeant shall

receive, in addition to his scheduled rate of basic compensation, $595 perannum." D.C. Code §

5-543.02(c). The parties refer to this as the "Tech Pay" stipend. On December 12, 2003, three of

the Plaintiffs in this case filed a grievance through their union, the Fraternal Order of Police (the

"Union"), alleging that they had fulfilled the duties of detective sergeant but had not received the

annual Tech Pay stipend. The Chief of Police denied the grievance, claiming that the position of

"detective sergeant" had not existed within the MPD for over twenty years. (Second Amended

Complaint ("SAC") at ¶ 21, Dkt. No. 47.).

In accordance with its collective bargaining agreement, the Union brought the matter to

arbitration. (*Id*. at ¶ 27.). On June 28, 2004, the Arbitrator found that Plaintiffs were entitled to

the Tech Pay stipend because they had performed the duties of a detective sergeant. (Dkt. No. 50,

Ex. 3 at 7.). The Arbitrator awarded Plaintiffs "the Status of Detective Sergeant" and "back pay

of $595.00 per year." *Id*. The Arbitrator further held that the award "applie[d] to all similarly-

situated employees [within MPD] as described in the grievance." (*Id*. at 8.).

MPD requested review of the arbitration award by the District of Columbia Public

Employee Relations Board ("PERB"). (Dkt. No. 50, Ex. 4.). On September 30, 2005, the PERB

affirmed the Arbitration Award. (*Id*. at 4-5.). MPD did not appeal the PERB ruling. (SAC at ¶ 32.).

Following the PERB's ruling, MPD took steps to retroactively compensate those officers who had served as detective sergeants. *Figueroa*, 633 F.3d at 1131. In 2007, it amended the personnel forms of three of the Plaintiffs to show that they had served and continue to serve as detective sergeants, and it gave them lump sum payments of $595 per year for every year that they were assigned to the position. *Id*. The MPD did not, however, recalculate the officers' overtime based on the annual Tech Pay stipend. At the time that this lawsuit was filed, one of the Plaintiffs had neither been reclassified as a detective sergeant nor awarded back pay. *Id*.

On November 5, 2007, Plaintiffs filed the present action against the District. (Dkt. No. 1.). The Second Amended Complaint alleges three violations under FLSA: (1) willful failure to pay minimum wages ("Count I"); (2) untimely payment of wages ("Count II"); and (3) willful failure to pay overtime ("Count III"). Count IV alleges that the MPD violated the Tech Pay stipend provision of D.C. Code § 5-543.02. The District moved for a judgment on the pleadings, or, in the alternative, summary judgment. (Dkt. No. 50.). On September 30, 2009, United States District Court Judge Henry H. Kennedy granted the motion. *See Figueroa v. District of Columbia Metro. Police Dep't*, 658 F. Supp. 2d 148 (D.D.C. 2009). Judge Kennedy determined that Counts I through III (the FLSA claims) were barred by the statute of limitations and Count IV (the D.C. Code claim) was barred by the doctrine of *res judicata*. *Id*. at 153-155. Thereafter, judgment was entered in favor of the District. *Id*. at 155.

On appeal, Plaintiffs challenged only one aspect of Judge Kennedy's decision: its conclusion that the FLSA overtime claims were time-barred. *See Figueroa*, 633 F.3d at 1132. In dismissing Plaintiffs' FLSA claims, Judge Kennedy concluded that December 12, 2003, the date

on which Plaintiffs' filed their grievance with the Police Chief, was the date on which Plaintiffs were aware of the existence of their FLSA claims. *Id*. The Circuit Court agreed that this was the operative date. *Id*. Therefore, the Circuit Court concluded, because Plaintiffs filed their instant complaint almost four years later, on November 5, 2007, they could not recover for non-willful violations that occurred before November 5, 2005, or for willful violations that occurred before November 5, 2004. *Id*.

In finding that Plaintiffs' claims were time-barred, Judge Kennedy implicitly concluded that Plaintiffs did not have overtime claims that arose after November 5, 2004. *Id*. at 1133. The Circuit Court disagreed, holding that "[e]ach time [Plaintiffs] received a paycheck without proper overtime compensation, a new cause of action accrued under the FLSA," and thereby, a new two (or three year) statute of limitation began to run for each new claim. *Id*. "If the officers have meritorious claims, it is because they worked more than forty hours in particular weeks, and because MPD failed to take the $595 stipend into account when it paid them overtime for those weeks. Thus, their complaint is based not on 'a single violation [of FLSA] that occurred outside the statute of limitations,' but on repeated violations, some of which fall within the limitations period." *Id*. at 1135 (quoting *Alldread v. City of Grenada*, 988 F.2d 1425, 1430 (5th Cir. 1993)).

In sum, the Circuit Court concluded that Plaintiffs may recover if their paychecks failed to include properly calculated overtime compensation during the two or three years before they filed their complaint—depending upon which limitations provision is applicable. As Judge Kennedy did not determine the merits of Plaintiffs' claims, or which limitations period applies, the Circuit Court remanded the case for further proceedings consistent with its opinion. *Id*. at 1135-1136. With respect to Plaintiffs' other claims, judgment was affirmed. *Id*. at 1136.

On remand, Judge Kennedy instructed the parties to file briefs that "address all of the issues indentified by the [Circuit Court]." (Dkt. No. 77.). Thereafter, Plaintiffs filed a supplemental memorandum setting forth what they believe are the only issues remaining in the case: (1) a determination on the merits as to whether Plaintiffs' paychecks failed to include properly calculated overtime compensation during the time period between November 5, 2004 and present; (2) which statute of limitations applies to the District's liability, two or three years; and (3) the precise date for calculating the two or three year limitation. (*See* Dkt. No. 78.). Plaintiffs also requested that the Court either reconsider their previously filed Motion for Partial Summary Judgment (Dkt. No. 38) or move to trial on the merits of the remaining issues. (*See* Dkt. No. 78 at 3.).

In response to Judge Kennedy's instruction to file a brief addressing the remaining issues in this case, the District renewed its previously filed motion for judgment on the pleadings, or, in the alternative, summary judgment. (*See* Dkt. No. 79 referring to Dkt. No. 50.). It argued that it is still entitled to relief despite the Circuit Court's reversal on statute of limitations grounds because even if Plaintiffs have timely FLSA overtime claims, and they are detective sergeants under D.C. Code § 5-543.02(a), they are therefore barred from recovery under the "executive exemption" of FLSA. (*See* Dkt. No. 79.). Alternatively, the District argued, even if this Court were to determine that Plaintiffs are not executive employees within the meaning of FLSA, they still cannot prevail because the annual Tech Pay stipend is not part of their basic compensation on which FLSA overtime is calculated. *Id*. The District agreed with Plaintiffs that if this Court ruled against the District on the two above issues, then the matter would be ready for trial on the issue of whether the MPD willfully violated FLSA. *Id*.

Plaintiffs challenged the District's right to renew its motion. (*See* Dkt. No. 81 at 10.). They argued that the D.C. Circuit had full access to the lower court pleadings in this case and had the opportunity to review the District's executive exemption defense, as well as its claim that the Tech Pay stipend should not be included in Plaintiffs' basic pay for purposes of FLSA overtime calculations. (*Id*.). The District countered that its renewed motion was appropriate at this stage of litigation because the issues were raised prior to Judge Kennedy's ruling and not deposed of in that decision or on appeal. (*See* Dkt. No. 86 at 4.).

On April 4, 2012 the matter was reassigned to this United States District Court Judge and on June 22, 2012, this Court made the following determinations. First, this Court ruled that the District's renewed motion for judgment on the pleadings, or, in the alternative, summary judgment was properly before it. (*See* June 22, 2012 Order at 6 (noting that the only issue before the D.C. Circuit was whether Plaintiffs' FLSA overtime claims were time-barred). Next, this Court concluded that the question of whether the position of detective sergeant exists within MPD and whether Plaintiffs retained the position was previously conclusively resolved in Plaintiffs' favor. (*Id*.) (noting that the Arbitrator awarded Plaintiffs the status of detective sergeant, the PERB affirmed the decision, the District did not appeal the PERB's decision, Judge Kennedy found that the Arbitration proceedings disposed of the issue as a matter of *res judicata*, and the District did not appeal that ruling).

This Court also addressed the District's contention that Plaintiffs are not entitled to overtime pay because, as detective sergeants, they are exempt from FLSA's overtime provisions. (*Id*. at 7.). The Court noted that determining whether an employee falls within the executive exemption requires a "highly fact-specific" inquiry into the employee's job duties and the District, as the employer, bears the burden of showing that the exemption applies. (*Id*.). This

Court found that the District failed to provide any evidentiary support for its position, and as such, failed to meet its burden. (*Id*. at 8.). This Court stated that "[i]n the event that the District can remedy this failure, the Court will allow it to file a renewed motion for summary judgment as to this issue." (*Id*. at 9.).

Lastly, this Court concluded that the annual Tech Pay stipend is part of Plaintiffs' regular or basic pay rate, and therefore, must be included in FLSA's overtime calculation. (*Id*. at 10-11.). Accordingly, the Court denied the District's renewed motion as to the foregoing issues. However, this Court determined that supplemental briefing would assist it in addressing the remaining issues as to whether the District willfully violated FLSA and whether November 5, 2004 (or 2005) should be included in the limitation period.[1] (*Id*. at 12.). The Court also invited the parties to present additional arguments on the District's executive exemption defense. (*Id*.).

The parties have filed their respective supplemental responses and the remaining issues are now ready for this Court's review.

## III.   DISCUSSION

### A.   Standard of Review

Under Rule 56, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[2] Fed. R. Civ. P. 56(c); *see also, Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The mere existence of a factual dispute will not preclude summary judgment. Only factual disputes that may determine the outcome of a suit may effectively preclude the entry of summary

---

[1]   The D.C. Circuit left open the issue of the precise date on which the limitation period began to run on the FLSA claims. *Figueroa*, 633 F.3d at 1132 n. 1. Given that the limitation period began to run on November 5, 2004 (or 2005), the Court questioned whether November 5th should be included in the limitation period. *Id.*

[2]   Given that both parties submitted matters outside the pleadings, the Court will treat this motion as one for summary judgment. *See* Fed.R.Civ.P. 12(d).

judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). To be a genuine fact, the assertion must be supported by sufficiently admissible evidence and cannot be based on conclusory allegations, denials, or opinions. *Crenshaw v. Georgetown University*, 23 F. Supp. 2d. 11 (D.D.C. 1998).

      **B.**      **Whether the Position of Detective Sergeant Is Exempt from FLSA Overtime Provisions**

      In its renewed motion after remand, the District argued that if Plaintiffs are indeed detective sergeants, then they are "executive employees" within the meaning of the FLSA and exempt from the Act's overtime provisions. (Dkt. No. 79 at 6-7) (citing 29 U.S.C. § 213(a)(1), which exempts from FLSA's coverage "any employee employed in a bona fide executive, administrative, or professional capacity...."). In the June 22, 2012 Order, this Court noted that the inquiry into whether an employee is an "executive employee" is "highly fact-specific" and that the District bears the burden of proof on this issue. (June 22, 2012 Order at 7-8 (citing *D'Camera v. District of Columbia*, 693 F. Supp. 1208, 1210 (D.D.C. 1988) ("*D'Camera I*").). This Court concluded that the record in this case is devoid of any evidence relating to Plaintiffs' job duties, and as such, the District failed to meet its evidentiary burden. (*Id*. at 8 ("It is impossible for this Court to determine from the record before it the nature of Plaintiffs' job duties").). The Court gave the District an opportunity to remedy its omission. (*Id*. ("In the event that the District can remedy this failure, the Court will allow it to file a renewed motion for summary judgment as to this issue").).

      In response to the request for supplemental briefing, the District now states: "[w]ith regard to the executive exemption, after further consideration of this issue by [the District] …although the District does not concede or waive its arguments on this issue to date, *it has no additional argument to offer to the Court at this time*. The District is not seeking a factual finding

on this issue with respect to the four remaining Plaintiffs." (Dkt. No. 94 at 2) (emphasis added). Accordingly, the District has once again failed to carry its burden. *See D'Camera*, 693 F. Supp. at 1210 (citing *Mitchell v. Lublin, McGaughy & Assoc.*, 358 U.S. 207, 211 (1959) (exemptions from FLSA's reach must be narrowly construed against the employer in order to further Congress' goal of affording broad federal employment protection). Therefore, the District's renewed motion for judgment on the pleadings, or, in the alternative, summary judgment on the issue of the FLSA executive exemption is denied.

### C. Whether the District Willfully Violated FLSA's Overtime Provisions

Next, the District seeks a finding that it did not willfully violate FLSA's overtime provisions.[3] Ordinarily, the statute of limitations in actions to recover unpaid overtime wages under FLSA is two years. *See Moreno v. United States*, 88 Fed. Cl. 266, 277 (Fed. Cir. 2009). However, "a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a); *Abbey v. United States*, 106 Fed. Cl. 254, 265 (Fed. Cir. 2012). The burden of proving an employer's willfulness falls on the employees. *Abbey*, 106 Fed. Cl. at 265; *Moreno*, 88 Fed. Cl. at 277. An employer's conduct is willful under FLSA if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988); *see also*, *Moreno*, 88 Fed. Cl. at 277 (noting that a willful violation occurs when an employer shows "evident indifference" to FLSA's requirements). However, if an employer "acts reasonably in determining its legal obligation, its action cannot be deemed

---

[3]      Plaintiffs also moved for summary judgment on this issue, which Judge Kennedy denied when he simultaneously granted the District's motion for summary judgment. (*See* Dkt. Nos. 38 and 71; *Figueroa*, 658 F. Supp. 2d at 150.). Plaintiffs have indicated their intent to renew the motion, but to-date, have not yet done so. (*See, e.g.*, Dkt. No. 78.).

willful." *McLaughlin*, 486 U.S. at 135 n. 13. Moreover, "[i]f an employer acts unreasonably, but not recklessly, in determining its legal obligation," its action is not considered willful. *Id.*

Plaintiffs argue that MPD violated FLSA's overtime provisions by failing to include the Tech Pay stipend in their basic compensation, which artificially suppressed Plaintiffs' overtime compensation. They contend that they should have received payment for their detective-sergeant pay and resulting overtime payments no later than the next pay period following MPD's decision not to appeal the PERB decision. (Dkt. No. 38 at 10.). Plaintiffs claim that this pay period would have been between December 6 and 9, 2005, yet no properly calculated overtime payments (*i.e.*, payments that include the Tech Pay stipend in the calculation) have been made to date. (*Id.*). Plaintiffs claim that they notified the District of MPD's continued failure to pay them overtime in a letter to the District's General Counsel dated July 22, 2007. (Dkt. No. 78 at 7.).

Plaintiffs also contend that the District's continued insistence that the position of detective sergeant does not exist within MPD, despite direct evidence to the contrary, "demonstrates [the District's] willfulness, or at least reckless disregard, in failing to properly calculate Plaintiffs' overtime pay." (Dkt. No. 97 at 5.).[4] According to Plaintiffs, the District's continued denial of the existences of a position "that they know exists within their police department" shows that it "acted willfully through their [sic] failure to pay FLSA overtime

---

[4]    Plaintiffs point to the following as evidence that the position of detective sergeant exists within the Department: (1) MPD altered Plaintiffs' D.C. Personnel Action forms to reflect that Plaintiffs are detective sergeants (dkt. no. 95 at 5 citing dkt. no. 65-2, ex. 15); (2) Plaintiff Figueroa's official department identification, issued by MPD on March 9, 2006, identifies him as a "detective sgt." (dkt. no. 97, ex. 3); (3) the Acting Director of the District's Labor and Employee Relations Unit issued a memorandum on September 17, 2006 in which he instructed that the police officers who had been acting as detective sergeants be identified and compensated in accordance with the Arbitrator's decision (*id*. citing dkt. no. 52-1, ex. 3); (4) Police Chief Ramsey wrote a similar memorandum dated December 26, 2006 (*id*. citing dkt. no. 52-1, ex. 3); (5) the Controller also addressed the detective sergeant back pay issue in a January 19, 2007 memorandum (*id*.); (6) on February 14, 2011, the MPD addressed a memorandum to the District of Columbia City Council in which it stated that MPD employs over 40 active duty detective sergeants (dkt. no. 81, ex. 3); (7) MPD gives out a "Detective Sergeant of the Year" award each year (*id*. at ex. 4); (8) several past and current MPD officers provided affidavits testifying that they held the position of detective sergeant; and (9) the Tech Pay stipend is included in current detective sergeant overtime pay calculations (dkt. no. 93 at 11 citing Second Declaration of Diana Haines Walton, dated June 30, 2011 at 2).

correctly." (*Id.* at 8.). In addition, Plaintiffs contend that prior litigation involving the District and sergeants put the District on notice that it would need to evaluate its responsibility under FLSA's overtime provisions. (Dkt. No. 93 at 10-11 citing the *D'Camera I, D'Camera v. District of Columbia*, 722 F. Supp. 2d 799 (D.D.C. 1989) ("*D'Camera II*") and *Wyland v. District of Columbia*, 728 F.Supp. 35 (D.D.C. 1990) cases).

The District counters that its continued insistence that the position of detective sergeant does not exist within MPD does not establish that its failure to pay overtime a willful violation of FLSA. Instead, the District argues, Plaintiffs must produce competent factual evidence that demonstrates that the District either actually knew that the annual Tech Pay stipend must be included in the FLSA overtime calculations or that the District showed reckless disregard for the matter of whether its failure to include the stipend in the calculations was prohibited by the Act. The District contends that Plaintiffs present no such evidence. Rather, the District asserts, despite its continued belief that the position does not exist within MPD, the District made a policy decision to comply with the 2004 Arbitration Award by issuing back payments to those it was able to identify as beneficiaries of the Arbitration Award. The District continues to pay the stipend to date. The District contends that such voluntary action on its part—one that was not compelled by court order and was undertaken while it is still challenging the Arbitration Award in court—is inconsistent with a finding of "willfulness."

The District also maintains that it believed that it was acting in full compliance with the Arbitration and PERB decisions. (*See* Def.'s Brief at 4.). It claims that until this Court's June 22, 2012 Order, it believed that the Arbitration Award simply meant that the District was required to pay the Tech Pay stipend to those it was able to identify as beneficiaries of the Award. *Id*. The District notes that throughout the period of compliance prior to the June 22, 2012 Order, no

11

reviewing entity, administrative or judicial, had instructed the District that the Tech Pay stipend must be included in a detective sergeant's basic compensation so as to affect FLSA overtime compensation.

Lastly, the District argues that the *D'Camera I, II,* and *Wyland* cases did not place it on notice that the Tech Pay stipend would be included in Plaintiffs' basic compensation under the FLSA. It points out that those cases did not address the issue of Tech Pay, but only addressed whether sergeants are covered by FLSA's overtime provisions.

The Court has reviewed the documentary evidence presented by the parties, including Plaintiffs' sworn testimony, and finds that there is a genuine issue of material fact as whether the District's failure to calculate the Tech Pay stipend into Plaintiffs' overtime compensation constitutes a willful violation of FLSA. The determination of willfulness is necessarily fact-specific. *Youngblood v. Vistronix, Inc.*, 2006 WL 2092636, *5 (D.D.C. July 27, 2006) (R. Lamberth) (stating that the determination of willfulness is "very fact-specific"). Under the facts presented here, this Court believes that a reasonable jury could find that the District's failure to incorporate the Tech Pay into Plaintiffs' basic compensation was a willful violation of the FLSA. For instance, Plaintiffs presented testimony that MPD has employed detective sergeants since at least 1974 (*see* Memorandum from the Executive Director of the D.C. Board of Labor Relations dated May 1, 1974, Dkt. No. 93-1, Ex. 6); that prior litigation and requests from Plaintiffs' counsel triggered the District's obligation to investigate its duties under FLSA (*see*, *e.g*., Dkt. No. 78 at 7), and that the District includes the Tech Pay stipend in current overtime payments (Dkt. No. 93-1, Exs. 10-11). On the other hand, that same jury could accept the District's explanation as to why it did not include the Tech Pay stipend in its prior overtime calculations, and why it does so now. (*See* Dkt. No. 94 at 6 (alleging that the District did not think that the

Arbitration Award required the District to include the Tech Pay stipend in a detective sergeant's basic compensation); Dkt. No. 93-1, Exs. 10-11 (alleging that the current inclusion of the Tech Pay stipend in overtime payments is due to a software error). Based on these facts, the jury could find that the District's failure was reasonable or unreasonable but not reckless, and therefore not willful for purposes of FLSA. *McLaughlin*, 486 U.S. at 135 n. 13. As such, the District's willfulness in violating FLSA, and subsequently, the applicable statute of limitations for Plaintiffs' FLSA overtime claims, will remain a question for the jury. *Vistonix*, 2006 WL 2092636 at *6.

### D.    Whether November 5, 2004 (or 2005) Should be Included in the Limitations Period

The D.C. Circuit reserved the following issue for determination on remand:

> Because the parties have not addressed the question, we use November 5 as the dividing line for purposes of discussion without deciding whether the statutory phrase "*within* three years *after* the cause of action accrued" might instead require selection of November 4 or 6. *See* 29 U.S.C. § 255(a) (emphasis added). The precise date is an issue to be decided on remand.

*Figueroa*, 633 F.3d at 1132 n. 1. The District contends that whether this Court uses November 4, 5 or 6, 2004 (or 2005) as the "dividing line" for the limitations period, is of no real consequence under the facts of this particular case. The District explains that this is because Plaintiffs were not issued paychecks on November 4, 5, or 6 of either 2004 or 2005. (Dkt. No. 94 at 7.). Plaintiffs counter that the correct date on which the limitations period began to run is actually October 17, 2004. (Dkt. No. 93 at 13.). Plaintiffs argue that October 17th is the date that they first performed the work for which the November 12th paycheck compensated them (November 12th is the date of the first paycheck issued after November 4, 5 or 6). (*Id.*).

Plaintiffs' claim is without merit. The two elements of an FLSA overtime claim are: (1) performance of work, and (2) improper compensation. *See Figueroa*, 633 F.3d at 1135. The claim accrues when both elements coincide. *Id*. at n. 7 (citing *Biggs v. Wilson*, 1 F.3d 1537, 1540 (9th Cir. 1993). Plaintiffs request that the limitation period begin to run from the date on which the first element of the FLSA claim existed even though no violation of FLSA had actually accrued at that time. As such, this Court declines to accept Plaintiffs' interpretation of when their overtime claims accrued. In addition, because under the facts of this particular case it is unnecessary for this Court to determine the meaning of the term "within three years after the cause of action accrued," the Court declines to do so and instead will use November 5, 2004 (or 2005) as the operative date.

## IV.    CONCLUSION

For the foregoing reasons, the Court HEREBY:

1.     DENIES the District's motion as to whether detective sergeants are exempt employees under FLSA;

2.     DENIES the District's motion regarding its willfulness under FLSA;

3.     Finds that November 5, 2004 (or 2005) is the date on which the statute of limitations began to run on Plaintiffs' overtime claims under FLSA; and

4.     Refers this matter for settlement discussions before Magistrate Judge John M. Facciola. The parties shall contact Judge Facciola's chambers jointly to set a settlement conference at Judge Facciola's convenience. This case shall not be stayed in conjunction with this referral.

Dated this 12th day of February, 2013.

Barbara Jacobs Rothstein
U.S. District Court Judge